TEXAS HIDE & WOOL CO. v. EDWARDS et al.　(No. 959.)

(Court of Civil Appeals of Texas. Amarillo. April 5, 1916. Rehearing Denied May 10, 1916.)

1. SALES ☞359(1)—ACTION FOR PRICE—SUFFICIENCY OF EVIDENCE.
　In an action for the price of coal sold and delivered evidence *held* not to sustain a judgment for the plaintiff.
　[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1056, 1057; Dec. Dig. ☞359(1).]

2. APPEAL AND ERROR ☞1178(8)—REVERSAL—GROUNDS OF REVERSAL—AMENDMENT.
　Appellate courts will not reverse judgments in order that the parties may amend their pleadings to conform to the evidence.
　[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4616–4619; Dec. Dig. ☞1178(8).]

Appeal from Potter County Court; T. W. McBride, Judge.

Suit by the Texas Hide & Wool Company against H. P. Edwards and another. Judgment in justice's court, for plaintiff against defendant Edwards and for Edwards against his codefendant, Bishop, was reversed on appeal, and plaintiff appeals. Affirmed.

Veale & Lumpkin, of Amarillo, and Cooper & Merrill, of Houston, for appellant. Kimbrough, Underwood & Jackson and C. E. Gustavus, all of Amarillo, for appellees.

HALL, J. The appellant filed this suit in the justice court of Potter county upon an account for coal in the sum of $141.95. From a judgment in favor of appellant in the sum of $109.88 against appellee Edwards, and that Edwards recover against Bishop the same amount, appeal was taken to the county court of Potter county. · The pleadings in both courts on the part of appellant were oral. Appellee Bishop pleaded in both courts orally that the coal was at the hotel at the time he purchased the same and was included in other personal property. The appellee Edwards, in addition to the general issue, pleaded that in the summer of 1912 he contracted with plaintiff for from three to five cars of coal to be delivered through the winter, as he needed it, and called upon plaintiff to so deliver it, and that the coal was not to be delivered except as he should call for it; that he did not request the delivery of this car of coal, and did not know that the same had been delivered until about January 3, 1913; that about the 28th of December, 1912, appellant's manager called him over the phone and advised them that, while they had a car of coal which they could deliver to him, yet, as he was not needing it, they would dispose of it to other customers and deliver him a car later when he needed it; that Edwards acquiesced in this arrangement and instructed plaintiff's manager not to deliver the coal, and that he did not know when the same was delivered; that he entered into a contract by which he sold the Elk Hotel to his codefendant, Bishop, on the evening of the 1st day of January, 1913, in ignorance of the delivery of the car of coal, if the same had been delivered; that he did not receive any consideration from Bishop in the sale of said hotel for said company, and that by reason of plaintiff's breach of its agreement in delivering the coal without Edwards calling for it, if the same was so delivered, and in breach of its agreement with defendant Edwards that this car of coal would not be delivered to him until called for, appellant was estopped from claiming the value of said coal.

W. F. Nabor, the manager of appellant company, testified in part as follows:

"Mr. Edwards contracted for five cars of coal, I think, and the same was to be delivered as he needed it or ordered it. The car in question was delivered about December 31, 1912. Mr. Edwards was running the Elk Hotel at the time I put the coal in, and did not advise me that he sold out the same until after the coal was put in. I think he was out of town when the coal was put in the bin. * * * I know he was gone [to Lamesa] because I asked him how much coal was needed, and he said to put some in the bin, and when he came back he said: 'I have sold out; I do not want to pay for that coal.' He said Bishop got that coal. We were

not told when we were putting it in the bin to stop. After Mr. Edwards had told me that he sold out I said I would take it out of the bin at my expense rather than have any trouble, and Mr. Bishop refused to let me take it out. Mr. Edwards told me that he was going to the ranch and said put some coal in the bin if it was needed, just the same as we had been doing when the bin would get low and a car would come in and we would fill the bin. * * * The first time that we knew Bishop had anything to do with the hotel was when this controversy came up about the coal, and he said that he had bought everything there, which was after January 1st. Bishop refused to pay for the coal. It was charged to Edwards. I do not remember exactly what we had delivered before this car had been delivered, as Mr. Edwards ordered it out along through the winter."

Appellee Edwards testified in part as follows:

"It was a summer contract for winter delivery, and the coal was to be delivered as I called for it in the fall or winter, for furnace or steam coal. Just before leaving I was on my ranch in Lynn county, and was at Sweetwater just prior to the 1st of January. I left here on December 27th, and returned on the evening of the 31st of December. I sold out the furnishings of the hotel on the evening I returned to Harry Bishop. * * * Just before leaving to go to Lynn county Mr. Nabor called me over the phone the morning I left, and said he had a car of coal, and before I could say anything he said the laundry wanted it, 'and you do not need it, and I am going to let the laundry have it, and I will deliver you the next car that comes in.' I said: 'All right, Bill; that suits me exactly. I am going away to-day, and I have a matter pending, and that kind of a deal suits me very well. I will tell you about it when I come back.' I was then on the eve of trying to get out of the Elk Hotel, and I had reference to this, but did not tell him so. I did not tell anybody else so. I did not know that the coal was in the bin until Mr. Nabor told me about it, about the 3d or 4th of January. I had a verbal understanding with him that I was to let him know 10 or 12 days ahead when I wanted a car of coal, and he would order it out. I had told him on previous cars to order me a car of coal out. I had not ordered this car."

The deposition of W. F. Nabor was offered, as follows:

"I am manager of the Texas Hide & Wool Company. Yes; I hauled and weighed each car of coal delivered to Edwards. The coal was to be delivered to Mr. Edwards as needed and called for."

Appellee Bishop testified in part:

"The plaintiff at no time claimed to have delivered the coal at the hotel after I took possession of the same, January 1, 1913. I would not let plaintiff take the coal away, for I had bought it from Edwards and paid him for it. I used the coal and other supplies that were in the hotel when I took charge of it."

[1, 2] A bill of sale was introduced, dated January 2, 1913, whereby Edwards conveyed "all the furniture, fixtures, provisions and all supplies on hand in the Elk Hotel" to one Wayland. It appears from the record that Wayland was buying the property for Bishop. While the evidence is in a measure conflicting, the trial court was authorized to conclude that under the contract no coal should have been delivered until it had been ordered by Edwards. There is no evidence in the record showing that Edwards ordered this particular car, and it was delivered to the hotel even without his knowledge. Appellant asked for judgment against Edwards only. It is insisted that we should reverse the judgment and remand the case, in order to give appellant the right to recover, either against Bishop or against Edwards upon some other theory. The appellate courts have uniformly refused to reverse judgments in order that the parties may amend their pleadings to conform to the evidence. The suit being upon an open account against Edwards alone, no recovery could be had against Bishop. The judgment was affirmed without written opinion, but, on account of an urgent motion for rehearing, we have briefly reviewed the case and given our reasons for our former action.

The motion is overruled.