## TRADERS & GENERAL INS. CO. v. STUBBS.

### No. 4829.

Court of Civil Appeals of Texas. Texarkana.

Jan. 30, 1936.

Rehearing Denied Feb. 6, 1936.

Collins & Fairchild, of Lufkin, Lightfoot & Robertson, of Fort Worth, and R. O. Kenley, Jr., of Longview, for appellant.

Houston & Johnson, of Dallas, for appellee.

SELLERS, Justice.

This is a suit by M. O. Stubbs as plaintiff against Traders & General Insurance Company, defendant, to recover compensation under the Workmen's Compensation Law of this state (Vernon's Ann.Civ.St. art. 8306 et seq.). Upon a trial before a jury, the plaintiff recovered a judgment for compensation in the sum of $5,021.75, from which judgment the defendant has duly prosecuted this appeal.

The appeal involves but one question, and that is, that the evidence offered upon the trial wholly fails to support the verdict and the judgment of the court, in that there is no evidence to show that the employer of appellee was covered by a policy of insurance issued by the appellant.

The appellee in his petition makes the following allegations:

"That heretofore on or about the 11th day of April, 1933, and for a long time prior thereto, A. B. Foshee was engaged in the business of operating a refinery under the name of Foshee Refining Company, in the State of Texas, or some individual or partnership or association or corporation was doing business under such name, which business was of a kind not excluded from the provisions of the Employers' Liability Act; that whoever or whatever was doing such business under such name had in its or their employ more than three employees and was eligible to become, and was, a subscriber within the meaning of the said Employers' Liability Act, having paid the premium for a policy of Workmen's Compensation insurance and having procured such a policy from defendant herein, a company duly licensed to write Workmen's Compensation insurance in the State of Texas, and that said policy was in full force and effect on the date hereinabove mentioned.

"That plaintiff was in the employ of the said Foshee Refining Company on the date hereinabove mentioned in the regular course of its business and was working in the said refinery for the said company in Gregg County, Texas. * * *"

Upon the trial appellee testified:

"Q. By whom were you employed on or about April 11, 1933? A. Foshee Refining Company.

"Q. What kind of business were they engaged in? A. Building a refinery.

"Q. How many men, approximately, did they have in their employ? A. Well, I don't exactly remember. I guess there was about twenty or twenty-five.

"Q. Now, what did you say the nature of that work was—what kind of work they did—what kind of business they were engaged in? A. Refinery business.

"Q. How long had you been working for them prior to April 11, 1933? A. About three weeks—not more than four."

W. D. Morgan, witness for defendant, testified:

"Q. By whom are you employed? A. Foshee Refining Company.

"Q. That is your business or occupation, is it? A. Yes, sir.

"Q. In what capacity are you employed by them? A. Superintendent.

"Q. How long have you been in their employ? A. Nearly two years.

"Q. Were you employed by the Foshee Refining Company in April last year? A. Yes, sir.

"Q. In what capacity were you then working? A. Assistant Superintendent.

"Q. As such did you have under you a number of employees working in the construction of the plant? A. I did.

"Q. What county was that plant being constructed in? A. Gregg County.

"Q. And at what point? A. About one mile west of Gladewater.

"Q. And do you remember about how many employees there were engaged in building that plant? A. About 30, 30 or 40, sometimes I had 40.

"Q. To whom did that plant belong, Foshee Refining Company or were they building it for someone else? A. Belonged to Foshee Refining Company.

"Q. They were building their own plant? A. Yes, sir.

"Q. About when did they complete the plant? A. Along in May sometime.

"Q. What is the general business in which the Foshee Refining Company engaged? A. Making refined products, such as gasoline, distillate, gas oil, and fuel oil.

"Q. Do you recall, whether in April last year, you had in your employ while building your plant, a man by the name of M. O. Stubbs? A. Yes, sir.

"Q. At that time, about how many other employees were working for you? A. Something like 30 or 35.

"Q. Did you employ him to work for Foshee Refining Company? A. Yes, sir."

The evidence quoted is illustrative of that given by all the witnesses who testified on the point. The plaintiff introduced in evidence a certified copy of a notice that employer had become a subscriber which is as follows:

"Notice that Employer has
Become Subscriber.
"Industrial Accident Board
"Received Mar 8 1933
"State of Texas

"The Industrial Accident Board, Austin, Texas.

"Gentlemen: Notice is hereby given as required by the Employers' Liability Act, Chapter 103, General Laws, 1917, and amendments thereto, that A. B. Foshee of P. O. Box 227, Street, Gladewater, Texas, has become a subscriber under said Act and amendments thereto and provided for the payment of compensation to employees under the terms and provisions thereof by insuring with Traders & General Insurance Co. of 115 Field Street, Dallas, Texas. Occupation Oil or Gas Pipe Lines-construction Approximate number of employees 10 Estimated Annual Payroll $1,750.00 Policy Number WC—1553

"Date Effective March 3, 1933

"Hours effective 12:01 A. M.

"Policy Expires March 3, 1934.

"[Signed] A. B. Foshee
"By A. B. Foshee."

There were other instruments introduced which contained substantially the same information as that contained in the above-quoted instrument.

■ There is a well-settled proposition of law following a rule in common-law actions for personal injuries and in civil actions generally that the burden of proof is on the compensation claimant to prove his case in all its parts by a preponderance of the evidence. Commercial Standard Ins. Co. v. Noack (Tex.Com.App.) 62 S.W.(2d) 72; Texas Indemnity Ins. Co. v. McCurry (Tex.Com.App.) 41 S.W.(2d) 215, 78 A.L. R. 760; Holloway v. Texas Ind. Ins. Co. (Tex.Com.App.) 40 S.W.(2d) 75.

■ One of the essential elements of the appellee's right to recover in this case was proof of his allegation that he was an employee of Foshee Refining Company, and that such company was a subscriber within the meaning of the Employers' Liability Act and carried a policy of Workmen's compensation insurance with appellant, Trader & General Insurance Company. We are of the opinion that the proof wholly fails to show that Foshee Refining Company, appellee's employer, carried a policy of insurance with the appellant. The only evidence offered on this point was that a policy of insurance was issued by appellant to A. B. Foshee, individually, and

there was no evidence to show that Foshee Refining Company is the trade-name of A. B. Foshee. Had appellee gone one step further and shown by evidence that Foshee Refining Company was in fact the trade-name of A. B. Foshee, as he alleged, then there could have been no question about his right to recover. But, in the absence of any evidence as to the legal identity of Foshee Refining Company, we cannot say which of appellee's alternative allegations, to wit, "a trade name of A. B. Foshee, or a partnership, or association, or a corporation," is correct. If Foshee Refining Company is in fact a partnership, association, or corporation, the law is settled that appellant would not be entitled to recover upon proof only that appellant issued its policy of insurance to A. B. Foshee. New Amsterdam Casualty Co. v. Harrington et al. (Tex.Com.App.) 290 S. W. 726; Traders' & General Ins. Co. v. Emmert (Tex.Civ.App.) 76 S.W.(2d) 208; Texas Emp. Ins. Ass'n v. Horn (Tex.Civ. App.) 75 S.W.(2d) 301.

It is our opinion that the evidence wholly fails to support the judgment in the particular specified, and for that reason the judgment is reversed and the cause remanded.