## WILSON v. STANDARD ACCIDENT INS. CO.
### No. 1990.

Court of Civil Appeals of Texas. Waco.

Feb. 24, 1938.

Rehearing Denied April 7, 1938.

O'Dowd & O'Dowd, of Waco, for appellant.

Conway & Scharff, of Waco, for appellee.

GALLAGHER, Chief Justice. .

This is a suit by appellee, Standard Accident Insurance Company, to set aside an order of the Industrial Accident Board awarding appellant, Lester Wilson, compensation for injuries found by said board to have been sustained by him while employed by E. L. Martin and while engaged in the course of such employment. Appellant filed a cross-action in which he alleged that he, while an employee of the E. L. Martin Construction Company and engaged in the course of such employment, sustained accidental injuries, and, in substance, that appellee had issued to his said employer a compensation insurance policy, and that the same was in force at the time. Other allegations covered the nature of the injuries alleged to have been sustained, the disability alleged to have resulted therefrom, and the duration thereof.

The case was submitted on special issues. The jury, in response to issues Nos. 1 to 3, inclusive, found that appellant sustained an accidental injury; that he was at the time an employee of E. L. Martin and engaged in the course of his employment with said Martin. The answers of the jury to other issues are not material to the disposition of this appeal. Each of the parties filed a motion for judgment on the verdict rendered. Appellant's motion was overruled and appellee's motion was granted. Judgment was thereupon rendered that appellant take nothing by his suit. The transcript does not contain any objection to the charge of the court by either party. Neither does it show a request for the submission of any issue or issues by either party. No statement of facts has been filed in this court.

The verdict of the jury was insufficient to justify the rendition of a judgment in appellant's favor in two particulars. First, there was a variance between appellant's allegation that he was employed at the time he sustained his injuries by the E. L. Martin Construction Company and the finding of the jury that he was employed at that time by E. L. Martin; and second, there was an entire absence of a finding that appellee had issued a policy of compensation insurance to either the E. L. Martin Construction Company or to E. L. Martin as an individual. The burden was of course upon appellant to allege and prove that he was an employee of some person, firm, association, or corporation that held a compensation insurance policy issued by appellee. Traders & General Ins. Co. v. Stubbs, Tex.Civ.App., 91 S.W.2d 407, 408, par. 1, and authorities there cited; Stallings v.

Federal Underwriters Exchange, Tex.Civ. App., 108 S.W.2d 449, 450, pars. 1 and 2, and authorities there cited. The burden was also on him to secure the submission or request the submission of appropriate issues in response to which the jury might return findings in accord with such pleadings and proof. We recognize the fact that an individual may, and frequently does, adopt a trade-name indicating or tending to indicate a partnership, association, or corporation, and does do business under such trade-name instead of using his own individual name in the transaction of such business. Consequently, E. L. Martin might have been doing business under the name of the E. L. Martin Construction Company, but if he was, it devolved on appellant to establish that fact. He having waived any reference to the testimony by failing to include a statement of facts in the record, we can look alone to the findings of the jury in passing upon the issue. As before recited, the finding of the jury was specific that appellant was an employee of E. L. Martin at the time of his injury, and there is no finding that said Martin was doing business under the name of E. L. Martin Construction Company and no request for the submission of any issue in response to which the jury might have made such finding. By failure to make such request, appellant waived any right to a recovery on such theory. Traders & General Ins. Co. v. Stubbs, Tex.Civ.App., 91 S.W.2d 407, 408, pars. 2 and 3, and authorities there cited. The basis of liability on the part of an insurance carrier for payment to employees of compensation for injuries received and disabilities resulting from accidents occurring in the course of their employment by a particular employer, is contractual, and evidenced by a compensation insurance policy issued by the carrier to such employer. The absence of a finding that appellee had issued a policy of compensation insurance to either the E. L. Martin Construction Company, as alleged by appellant, or to E. L. Martin, by whom the jury found appellant was employed at the time of the accident, under the authorities above cited, precluded the rendition of a judgment for appellant on the verdict. Appellant having failed, without complaint of any action of the court, to secure a verdict sufficient to support a recovery in his favor against appellee, the court properly rendered judgment that he take nothing by his suit. Conflict, if any, between the findings of the jury in response to other issues is therefore immaterial and need not be considered.

 Absent some affirmative error, properly assigned and prejudicial to appellant, an appellate court cannot reverse a proper judgment of the trial court merely to afford the appellant an opportunity to amend his pleadings, introduce additional evidence, or procure the submission of issues which were waived by him in the trial from which the appeal is prosecuted. Hankins v. Minchew, Tex.Com.App., 285 S.W. 264, par. 1; Bunn v. City of Laredo, Tex.Civ.App., 208 S.W. 675, 677, par. 5, and authorities cited (affirmed Tex.Com. App., 245 S.W. 426); Texas Hide & Wool Co. v. Edwards, Tex.Civ.App., 185 S.W. 886, par. 2. The absence of a statement of facts in this case excludes the application of the rule announced in Austin v. Fields, Tex.Civ.App., 300 S.W. 247, 249, pars. 7 and 8.

The judgment of the trial court is affirmed.