### STUBBS v. TRADERS & GENERAL INS. CO.

#### No. 5454.

Court of Civil Appeals of Texas. Texarkana.

April 3, 1939.

Rehearing Denied April 13, 1939.

Houston & Johnson, of Dallas, for appellant.

Lightfoot, Robertson & Gano, of Fort Worth, for appellee.

JOHNSON, Chief Justice.

This appeal is from a judgment of the trial court sustaining a plea in abatement and dismissing the suit. For the purpose of submission and hearing oral argument at the same time, this cause was consolidated with cause No. 5218, styled M. O. Stubbs v. Traders & General Ins. Co., 127 S.W.2d 350, on the docket of this court this day decided. The record of this appeal shows that after cause No. 5218 (numbered 2282–B in the trial court) had been tried and appealed to this court, M. O. Stubbs as plaintiff filed in the trial court his petition in equity in the nature of a bill of review to set aside said judgment in cause No. 2282–B and re-try the cause, on the alleged ground that after said trial he discovered

for the first time that Traders & General Insurance Company had issued and attached to its original policy issued to A. B. Foshee, an individual, an endorsement amending said policy so as to cover the employees of Foshee Refining Company, and that such amendment was in force at the time of plaintiff's injury; that no notice had been given of said endorsement or amendment of said policy, and without negligence on his part same was unknown to plaintiff; and that through fraud, accident or mistake said endorsement had been detached before introduction of the policy in evidence by defendant; and: "That the said evidence of insurance, to-wit, the aforementioned Policy No. WC–1553 issued by defendant to A. B. Foshee was false and misleading in identifying A. B. Foshee only as the employer insured, for the reason that the defendant in truth and in fact insured not only A. B. Foshee, but Foshee Refining Company as well, and, to evidence the fact, had prepared and issued its contract in writing, to-wit, an endorsement or rider constituting a part of the said Policy No. WC–1553, by the terms of which it changed the name of the employer in the said policy from A. B. Foshee to Foshee Refining Company, the change being made prior to the date of plaintiff's injury sustained in the course of his employment as an employee of Foshee Refining Company; that while this change in the contract constituting Foshee Refining Company, plaintiff's employer as the subscriber in lieu of A. B. Foshee, was actually made, the policy, which came from the possession of the defendant, offered in evidence on the trial of the case did not bear the aforesaid endorsement or rider as a part thereof, the same having been accidentally or purposely detached or omitted, by means and for purposes wholly outside the knowledge of plaintiff, so that the policy offered in evidence, and on which evidence the judgment of which plaintiff now complains was rendered, did not speak the truth; that this variance between truth and the evidence fatal to plaintiff's cause was either the result of fraudulent design on the part of defendant or of some accident or mistake in which plaintiff had no part."

It further appears in this record that after plaintiff's petition for bill of review was filed, plaintiff filed a second or amended claim with the Industrial Accident Board, naming Foshee Refining Company as his employer, and the Board awarded him compensation on said claim. Both parties appealed from said award and filed separate suits in the district court of Gregg County. Said two suits appealing from the second award of the Industrial Accident Board were numbered No. 10803–C and No. 10852–C, on the trial court's docket, and on motion of plaintiff, M. O. Stubbs, were consolidated with cause No. 10280–B on the trial docket. Whereupon plaintiff filed his first amended original petition and incorporated therein the allegations substantially as contained in his petition for bill of review, and the allegations substantially as contained in his appeal from the Industrial Accident Board, and prayed for final judgment of the court awarding him compensation for his injuries. The defendant filed its plea in abatement to said amended petition, alleging in said plea that the Industrial Accident Board was without jurisdiction to consider plaintiff's second claim in which the name of his employer, A. B. Foshee, was amended to include Foshee Refining Company. The plea in abatement also set up the rendition of the judgment and the appeal therefrom in this court in cause No. 2282–B, and the pendency of said appeal in this court (cause No. 5218 on the docket of this court). The plea in abatement was heard and sustained, and the cause of action dismissed. The plaintiff, M. O. Stubbs, has appealed.

Pendency in this court of the appeal from the judgment rendered in cause No. 2282–B did not affect appellant's right to sue in equity to set aside said judgment, and retry the cause, upon the grounds alleged in his petition for bill of review, above quoted. Winters Mutual Aid Ass'n v. Reddin, Tex.Com.App., 49 S.W.2d 1095.

Appellee contends that the trial court's judgment sustaining its plea in abatement and dismissing the cause is an interlocutory order and not appealable, in that it is contended that the judgment of dismissal was limited to that part of plaintiff's amended petition in the consolidated cause, wherein plaintiff sought to set aside the second award of the Industrial Accident Board. We have examined the judgment of dismissal entered by the trial court and find that appellee's contention is not sustained. The judgment without any words of limitation simply sustains the plea in abatement, dismisses the cause of action and adjudges the cost against the plaintiff.

The judgment of the trial court is reversed and the cause remanded.