## STUBBS v. TRADERS & GENERAL INS. CO.

### No. 5218.

Court of Civil Appeals of Texas.
Texarkana.
April 3, 1939.

Rehearing Denied April 13, 1939.

Houston & Johnson, of Dallas, for appellant.

Lightfoot, Robertson & Gano, of Fort Worth, and J. J. Collins, of Lufkin, for appellee.

JOHNSON, Chief Justice.

This is the second appeal of this case. See Traders & General Ins. Co. v. Stubbs, Tex.Civ.App., 91 S.W.2d 407. We will state only sufficient of the facts to understand the point to be determined. The suit was filed by M. O. Stubbs as plaintiff against Traders & General Insurance Company, defendant, as the compensation insurance carrier of plaintiff's employer. Said employer was alleged to be A. B. Foshee engaged in the business of operating a refinery under the name of Foshee Refining Company, or some individual or partnership or association or corporation doing business under such name. The first trial resulted in a verdict and judgment for plaintiff. Defendant appealed. The judgment was reversed and the cause remanded. The second trial resulted in a directed verdict and judgment for the defendant, from which plaintiff has perfected the present appeal.

On the first appeal the judgment of the trial court was reversed for the reason that there was no evidence showing that plaintiff was employed by the subscriber, A. B. Foshee, to whom defendant had issued its policy of workman's compensation insurance. It will be noted from the opinion of this court, above cited, that W. D. Morgan testified that he was superintendent for Foshee Refining Company; that he had been in the employment of Foshee Refining Company for about two years, and that he employed M. O. Stubbs to work for Foshee

Refining Company. Plaintiff, M. O. Stubbs, also testified that he was employed by Foshee Refining Company. The evidence did not show that the Foshee Refining Company was a subscriber. It did not in any way disclose the identity of "Foshee Refining Company," as to whether it was some individual or partnership or association or corporation doing business under such name, nor did it show that the subscriber, A. B. Foshee, was the employer operating under the name of Foshee Refining Company, or that plaintiff was an employee of Foshee. The evidence went no further into the matter than to show that plaintiff was employed by Foshee Refining Company at the time he was injured on April 11, 1933. On the second trial, from which the present appeal was taken, the facts were more fully developed, and we think they are sufficient to raise the issue that plaintiff was an employee of A. B. Foshee, a subscriber, at the time of his injury. A. B. Foshee testified in substance that he was the owner and operator of the business prior to its incorporation on March 24, 1933; that he began construction of a refinery and the laying of pipe-line connections thereto as one project, in Gregg County, the last of February or the first of March, 1933; that he had about fifty or seventy-five men in his employment; that he applied for and received from Traders & General Insurance Company a policy of workman's insurance issued March 3, 1933, to A. B. Foshee as subscriber; that plaintiff, M. O. Stubbs, began working for him about the middle of March, prior to incorporation of the business: "Sometime in March of 1933, I incorporated my business and placed all the assets belonging to the refinery in the incorporation. I have the article of incorporation. This is my charter issued to me by the Secretary of State. From and after March 24, 1933, and at all times subsequent thereto the work I was doing there in the construction of the refinery was carried on in the name of Foshee Refining Company, a corporation. The refinery was being built for the Foshee Refining Company, a corporation. After the concern was incorporated, Foshee Refining Company paid the men who worked there in the construction of the plant their wages." The defendant introduced the cancelled checks issued to plaintiff in payment for his labor, beginning with April 1st and subsequent thereto, which checks, it is contended, were issued by the corporation and show that plaintiff was in fact paid with funds of the corporation

after the business was incorporated. The original checks appear in the record before us. They are dated April 1st, 8th, 15th, 22d, and 29th, 1933. The words "Foshee Refining Company" appear at the top and at the bottom of each check. Each check is signed by "A. B. Foshee, Treasurer," and countersigned by "A. B. Foshee, President," but the checks do not show that Foshee Refining Company had been incorporated, nor is it shown in evidence that the employees were notified in any manner that the business had been incorporated.

Appellee testified that he was hired to work for A. B. Foshee and that he did not know that A. B. Foshee had later incorporated the business, and that he did not know that he was being paid by a corporation at the time of his injury. A. B. Foshee testified: "In regard to whether, outside of the original hiring of Mr. Stubbs, anything else was said to him with regard to his employment, I don't think I ever said anything to him. I don't suppose anybody else ever did." The fact alone that A. B. Foshee had incorporated his business and that his employees were being paid for their work out of funds of the corporation did not, in our opinion, necessarily terminate plaintiff's contract of employment with A. B. Foshee. The incorporation by A. B. Foshee of his business without notice to his employees who continued under their original, contract of hire to perform the labor of carrying on the business did not terminate the relation of employer and employee between A. B. Foshee and plaintiff.

The judgment of the trial court will be reversed and the cause remanded.