L. W. Smith & Company, Respondent, vs. Romadka and wife, Appellants.

*March 6—April 8, 1952.*

For the appellants there was a brief by *Harvey & Harvey* of Racine, and oral argument by *Richard G. Harvey*.

For the respondent there was a brief by *Flynn & Greenquist* of Racine, and oral argument by *Kenneth Greenquist*.

MARTIN, J. Appellants' counsel argues that the words used in the contract, "whose name you have filed with me in writing," require respondent to deliver a written list of names to appellants for their permanent record. Several cases are cited relating to documents, such as chattel mortgages and corporate articles of organization, required by law to be filed with a governmental agency for the purpose of making them a matter of public record.

Here there is no public relationship involved and no statutory requirements for filing. The law governing the relationship between parties to a contract such as this is stated in 12 C. J. S., Brokers, p. 215, sec. 92, as follows:

"An owner who has knowledge that a certain broker first interested a customer with whom negotiations are still pending proceeds at his peril in closing a deal with such customer through another broker and paying a commission to the latter broker; and he cannot thereby avoid liability to the first broker. Conversely, the owner is not liable to the first broker where, at the time of closing the deal through the agency of another broker, he is without knowledge or notice that the purchaser is the customer of the first broker, or where the second broker represents that he is making the purchase personally and the owner is without knowledge, notice, or intimation that he is representing a prospective purchaser first procured by the first broker."

The object of the contract provision here involved is to give notice to the owners of the names of those persons to

whom they may not sell the property within the time specified in the contract without making themselves liable for the payment of the commission stated therein.

It would be useless to require the "filing" of such a list to be made in the manner that a document must be filed to make it a matter of public record. The definitions urged by appellants state that filing means the depositing in the custody or among the records of an official or officer, and the making of a proper indorsement and retention by such officer. In formally placing the list of names in the hands of the owner, a broker could not be assured that the owner would "file" it in the sense used in the definitions quoted. When respondent supplied appellants with the written offer to purchase, bearing the name of Paul Kuzia, and left it with them overnight, it gave them all the notice it could that a sale of the property to him during the time stated in the contract would make them liable for payment of the commission. Whether appellants "filed" it, returned it, or threw it away, it had served its purpose when it put them on notice that respondent had procured Paul Kuzia as a possible purchaser of the property.

Respondent complied with the provisions of the contract when it delivered the offer to purchase, and appellants became liable for the payment of the commission agreed upon when they sold the property to Kuzia within six months after the termination of the contract.

*By the Court.*—Judgment affirmed.