DUNN & STRINGER INVESTMENT COMPANY, Appellant, vs. KRAUSS and wife, Respondents.

*September 9—October 6, 1953.*

For the appellant there was a brief by *Steinmetz & Steinmetz,* attorneys, and *C. R. Steinmetz* of counsel, all of Milwaukee, and oral argument by *C. R. Steinmetz.*

For the respondents there was a brief and oral argument by *Bernard F. Mathiowetz* of Milwaukee.

CURRIE, J. Whether the plaintiff real-estate broker is entitled to a commission on the purchase price of the premises sold by the defendant owners directly to the purchaser Howard Miller after the expiration date of the listing contract is dependent upon the proper interpretation of the clause in the listing contract having reference to sales made directly by the owners after such expiration date. Such clause provided that a commission was due on any such sale if made "within six (6) months after the termination hereof to *anyone with whom you* [the plaintiff broker] *negotiated during the life of this contract* and whose name you *have filed with me* [the defendant owners] *in writing prior to the termination of this contract."*

Defendants do not take issue with plaintiff's contention that plaintiff's agents had *"negotiated"* for the sale of defendants' premises to Howard Miller during the term of the listing contract. In *Munson v. Furrer* (1952), 261 Wis. 634, 53 N. W. (2d) 697, we construed the word *"negotiated,"* when so used in a real-estate broker's listing contract, to mean that the efforts of the broker to interest a prospective purchaser must have proceeded to the point where the prospect would be considered a likely purchaser.

The first point of contention of the plaintiff is, that inasmuch as the judge of the civil court found as a fact that

defendants had actual notice that plaintiff had negotiated with Howard Miller for the sale of the premises during the term of the listing contract, a commission was due from defendants even though there had been no filing of Howard Miller's name with the defendants. Such contention is clearly untenable. Without the afore-quoted clause of the listing contract the plaintiff broker would be entitled to no commission on any sale made by the owners after the expiration date of the listing period. The clause in question provides two conditions, both of which must concur, in order for a commission to be due on any sale made during the six-month period following the expiration date of the listing period. The first condition is that the broker must have negotiated with the subsequent purchaser for the sale of the premises during the listing period. The second condition is that the broker must have filed the name of such subsequent purchaser with the owners prior to the expiration date of the listing period. Actual notice by the owners of the negotiations had between the broker and the subsequent purchaser is not a substitute for the filing requirement.

The listing agreement having been a printed form supplied by the plaintiff broker, the same must be most strongly construed against the broker in case of any ambiguity or doubt. 12 Am. Jur., Contracts, p. 795, sec. 252; 17 C. J. S., Contracts, p. 751, sec. 324.

A property owner, who enters into such a listing contract with a real-estate broker and who desires to sell his property after the expiration of the listing contract, has a right to rely on the provision of the contract requiring the filing in writing by the broker of the name of any prospect, with whom the broker has negotiated, in order for the broker to be entitled to a commission. If there has been no such filing

the owner has the right to assume that no commission will be due on the sale and, acting on such assumption, may reduce the sale price to a figure he would not have done if a commission were payable.

Plaintiff cites our decision in *L. W. Smith & Co. v. Romadka* (1952), 261 Wis. 374, 52 N. W. (2d) 797, as an authority in support of its position that actual notice by the owners of negotiations by the broker with a prospective purchaser makes it unnecessary to comply with the filing requirement of the listing contract. Such case did not so hold. In that case the broker left with the owners overnight a written offer to purchase by the prospect. This occurred prior to expiration date of the listing contract. We held that this constituted a *"filing"* of the prospect's name in writing with the owners so that there had been full compliance with the filing requirement of the listing contract.

The second and last contention advanced by plaintiff is that the filing of the name "Herman Miller" with the defendant owners was sufficient compliance with the contract to cover a sale made to anyone of Helmer Miller's family during the six-month period following the expiration date of the listing contract. The fact that Helmer Miller's name was incorrectly filed as "Herman Miller" we do not consider to be material because his street residence number and telephone number were also listed, and there can be no doubt that the defendants were fully apprised that such filing referred to Helmer Miller. However, Howard Miller was an adult son and a person entirely apart from his father. If plaintiff had intended to cover anyone of the family in addition to Helmer Miller it could have done so by having listed the "Helmer Miller family" in the letter by which it filed with defendants the names of the prospects with whom it had negotiated. This it did not do, and as previously pointed out herein, in case of doubt the contract must be construed most strongly against the broker who supplied the contract form.

If the sale to Howard Miller was merely a subterfuge to cloak a sale actually made to Helmer Miller we would have an entirely different situation. However, the evidence clearly established that Howard Miller, and not Helmer Miller, was the actual purchaser.

*By the Court.*—Judgment affirmed.