**Ernest H. BRIGGS, Appellant,**

v.

**Richard HENLEY, Appellee.**

No. 3417.

Court of Civil Appeals of Texas. Eastland.

Dec. 12, 1958.

**454**

Scarborough, Black & Tarpley, Abilene, for appellant.

James Weeks, Abilene, for appellee.

GRISSOM, Chief Justice.

Richard D. Henley is a licensed real estate dealer doing business as Henley Realty Company. Ernest H. Briggs on December 17, 1956, listed certain lots with him and signed a contract giving Henley the exclusive right to sell them for sixty days and agreed to pay him a five percent commission. The realtor found a prospective purchaser, James H. May, showed him the property and, on January 23, 1957, a contract was signed wherein Briggs sold the lots to May, conditioned upon the procurement of an F.H.A. loan. It was not obtained and the sale was not consummated. After the expiration of said sixty-day period, but within ninety days thereafter, Briggs sold and conveyed the lots to James H. May without further dealings with Henley. The contract between Briggs and Henley contained the following provision:

"Owner agrees to pay Broker 5% commission on any sale or contract of sale of said property whether made by Broker, by Owner, or by anyone else, either at the price and terms stated herein, or at other price and terms accepted by Owner. If within ninety days after termination of this agreement, a sale or contract of sale of said property is made directly or indirectly, to any person with whom broker or any member of said multiple listing service has had negotiations for such sale, and of whom owner shall have in writing been advised not later than five (5) days after the day this agreement expires, owner agrees to pay said commission."

Henley sued Briggs for a commission on Briggs' sale of the lots to May. Briggs' answers to requests for admissions admitted he owned the lots and executed the contract sued upon; that on January 22, 1957, Henley produced and brought before him James H. May as a prospective purchaser of the lots; that a contract for the sale of the lots to May was signed by Briggs and May; that on February 28, 1957, Briggs conveyed said lots to May; that the actual consideration was $1,750 cash plus the unpaid balance of an existing loan, aggregating $7,821.25. Henley moved for a summary judgment. The motion was granted, judgment was rendered for Henley and Briggs has appealed.

The affidavits of Mr. Henley and his employee, Mr. Rynders, were attached to said motion. They show the execution of said contract and that on January 23, 1957, after the realtor had shown the property to dif-

ferent persons and advertised it in a newspaper, Henley negotiated the agreement which culminated in said contract between Briggs and May for the sale of the lots, which contract was made a part of said motion, and that at the time Briggs conveyed the lots to May he had written notice, not later than five days prior to termination of the sixty-day period in which Henley had the exclusive right to sell Briggs' lots; that May was a prospective purchaser by virtue of Henley's services and May was a person with whom Henley had negotiations for the sale of the lots during said time. Briggs' answer to said motion was that Henley had represented he was entering into a sixty-day contract and filled in the blank for sixty days and said representation was made for the purpose of inducing him to enter into said contract; that he relied thereon, changed his position and subsequently sold the house at a price less than he would have accepted had he known he would have to pay a commission. "That the contention on the part of the plaintiff that the contract was extended for ninety days would make said representation, above set out, false and would constitute fraud, which makes void that said ninety-day provision." He then alleged that the provisions sued on were void because conflicting, mutually destructive and contained following: "If within ninety days after termination of this agreement" and "five days after the date this agreement expires" which rendered the contract ambiguous and, further, that Henley did not perform his part of the contract within sixty days and, therefore, he was not entitled to a commission. Briggs then alleged, "That even if said ninety day provision were valid, which this defendant denies, then the plaintiff has not complied with that provision in furnishing a list within five days after the termination of said agreement to this defendant." Briggs then filed his own motion for a summary judgment.

■ Appellant's points are that the court erred in granting Henley a summary judgment because (1) it was undisputed that Henley had not complied with the provision of the contract sued on; (2) the provisions were repugnant, contradictory, ambiguous and mutually destructive; (4) because the pleadings raised fact issues relative to fraud and (3) the court erred in failing to grant Briggs' motion for a summary judgment. We think it is evident the court did not err in failing to grant Briggs' motion for a summary judgment and that the provisions of the contract were neither contradictory, mutually destructive nor ambiguous.

We hold that no issue of fact was raised relative to fraud. There was no opposing affidavit made on personal knowledge, setting forth facts that would be admissible in evidence, with an affirmative showing that the affiant was competent to testify to facts that constituted fraud on the part of Henley, as required by Rules of Civil Procedure, rule 166-A(e). See also Statham v. City of Tyler, Tex.Civ.App., 257 S.W.2d 742, (RNRE); Meyer v. Wichita County Water Imp. Dists. Nos. 1 and 2, Tex.Civ. App., 265 S.W.2d 660 (RNRE); Fonville v. Southern Materials Co., Tex.Civ.App., 239 S.W.2d 885 (RNRE); Hunt v. Southern Materials Co., Tex.Civ.App., 240 S.W. 2d 400 (Writ Ref.); Sparkman v. McWhirter, Tex.Civ.App., 263 S.W.2d 832 (Writ Ref.); McFarland v. Connally, Tex. Civ.App., 252 S.W.2d 486.

■ We think the record shows without dispute that Henley did perform his part of the contract and that he is entitled to recover the commission. During the sixty days Henley brought Briggs and May together and they signed a contract for Briggs to sell and May to buy the lots, conditioned upon May's obtaining an F. H.A. loan. It was not obtained. Within ninety days after expiration of the sixty days in which Henley had the exclusive right to sell the lots, Briggs sold and conveyed the same lots to May without further dealings with Henley. Briggs thereby brought himself clearly within the provi-

sions of the contract requiring him to pay a commission to Henley. The contract expressly provided that he would pay a five percent commission on the sale of the lots, even if made by the "Owner". Briggs sold to May within ninety days after expiration of the sixty days in which Henley had the exclusive right to sell the lots. He sold to a person with whom Henley had negotiations for their sale. The only possibly debatable question is, was the owner advised in writing "not later than five (5) days after" the sixty-day period that May was a person with whom Henley had negotiations for the sale of the lots. We hold that he was. Within said sixty days Henley got Briggs and May together and they and Henley signed a contract for the sale of Briggs' lots to May and Briggs expressly agreed therein to pay Henley a commission for negotiating that sale. Briggs was thereby advised in writing "not later than" five days after the expiration of said sixty-day period that May was a person with whom the broker had negotiated for the sale of said lots. L. W. Smith & Co. v. Romadka, 261 Wis. 374, 52 N.W.2d 797.

The judgment is affirmed.