Seymour KAYE, Appellant,

v.

Gilbert H. COUGHLIN, Appellee.

No. 4301.

Court of Civil Appeals of Texas.

Eastland.

June 13, 1969.

Sessions & Sessions, W. R. Sessions, Dallas, for appellant.

Weinberg & Sandoloski, Sandy M. Sandoloski, Dallas, for appellee.

WALTER, Associate Justice.

Seymour Kaye has appealed from a judgment denying him a recovery of a commission on the sale of real estate. Kaye had "an exclusive right to sell" as distinguished from an "exclusive agent to sell" contract for the sale of a house and lot in Dallas with the owner Gilbert H. Coughlin. Baker v. Skipworth, 244 S.W.2d 299 (Tex.Civ. App.1951, writ ref.). The listing contract was dated July 19th, 1966. It gave Kaye the exclusive right to sell the property for a period of thirty (30) days from the date of the contract. It contained the further provision that:

"If the said property is sold or exchanged by the undersigned Realtor or Owner, or any other person, firm or Corporation during the existence of this agreement, I/we agree to pay the above named Realtor the regular fee hereinafter mentioned; or if said property is sold or exchanged within ninety (90) days after the expiration of this agreement to any purchaser whose attention had been called to this particular property by the above-mentioned Realtor before the expiration of this agreement, I/we agree to pay the above-named Realtor the regular fee."

Mr. and Mrs. William C. Curry purchased the property directly from the owner Coughlin and their contract of purchase was dated August 25, 1966, which was a date after the thirty days provided for in the contract but within the ninety day period.

The jury found that Kaye called the Currys' attention to the property on August 7, 1966. This was within the thirty day period provided for in the listing contract and such finding has support in the evidence.

The jury also found that the sale of the property to the Currys did not result from the efforts of Kaye or his agents.

Kaye contends that the finding that he called Curry's attention to the property during the thirty day period and the undisputed evidence and his "exclusive right to sell" listing contract entitle him to a judgment.

Appellee contends that "if the literal meanings of the words are to be taken at face value, and even if it could be assumed that said provision is not unconscionable, it would lead to and cause an unconscionable result, as it would in this case, if the court should find that calling attention through an ad in a newspaper without any further effort on the part of the real estate agent, after the exclusive selling period had expired and the sale made by the owner, would entitle the agent to a commission. This is a question of law, which it can be assumed the Court took into consideration, as set forth in Section 2.302, Uniform Commercial Code of the State of Texas." Although we believe that the advertisement of the Coughlin property in the newspaper that was seen by Mrs. Curry constitutes some evidence of probative force and supports the jury's answer to special issue No. 1, there was also evidence that a Mrs. Pasche, a licensed agent employed by Mr. Kaye showed the property to the Currys on August 8th, 1966.

Section 2.302 of the Uniform Commercial Code, V.T.C.A. is as follows:

"(a) If the court as a matter of law finds the contract or any clause of the contract to have been unconscionable at the time it was made the court may refuse to enforce the contract, or it may enforce the remainder of the contract without the unconscionable clause, or it may so limit the application of any unconscionable clause as to avoid any unconscionable result.

**614**

(b) When it is claimed or appears to the court that the contract or any clause thereof may be unconscionable the parties shall be afforded a reasonable opportunity to present evidence as to its commercial setting, purpose and effect to aid the court in making the determination. (59th Legis., Ch. 721, Sec. 2–302) Acts 1967, 60th Leg., vol. 2, p. 2343, ch. 785, § 1."

We find nothing in the record to indicate that the appellee contended in the trial of the case that any portion of the listing contract was unconscionable. We find nothing in his pleadings, motion for an instructed verdict, or motion for judgment on the verdict contending that any portion of the contract was unconscionable as provided for in the Uniform Commercial Code. The appellee is a lawyer, and the contract which he signed contains no provisions which are against public policy. In the comment under said section 2.302, we find the following:

"The basic test is whether, in the light of the general commercial background and the commercial needs of the particular trade or case, the clauses involved are so one-sided as to be unconscionable under the circumstances existing at the time of the making of the contract. Subsection (2) makes it clear that it is proper for the court to hear evidence upon these questions. The principle is one of the prevention of oppression and unfair surprise."

We are of the opinion that the contract was not unconscionable at the time it was made.

Appellee took the position in the trial court that, notwithstanding the terms of the listing contract, if Kaye or his agents were not the procuring cause of the sale of the property he could not recover a commission. This is true under some circumstances, but not in the face of the contrary express provisions of this contract. The jury found that Curry's attention was called to the property during the first thirty days

and the record conclusively shows that the Currys executed a contract to purchase it on August 25, 1966, for sixty five thousand dollars.

The evidence shows that the total consideration for the property was eighty five thousand dollars, sixty five thousand dollars for the house and lot and twenty thousand dollars for a fence and swimming pool that Mr. Coughlin agreed to build on the property. Having complied with his contract by showing the property and calling the Curry's attention to it within the thirty day period and the sale having been made to them within the ninety day period, Kaye is entitled to collect his commission. The judgment is reversed and judgment is rendered that Kaye recover his commission of 6% of $65,000.00 or $3900.00. Briggs v. Henley, 319 S.W.2d 453 (Tex.Civ.App.1958, no writ history).