**C. M. BOWDEN, Appellant,**

v.

**J. K. MURPHY et al., Appellees.**

**No. 4837.**

Court of Civil Appeals of Texas.

Waco.

Dec. 4, 1969.

**184**

Beard & Kultgen, Thomas L. Cook, Waco, for appellant.

Don S. Caldwell, Jr., Mexia, for appellees.

## OPINION

McDONALD, Chief Justice.

This is a venue case involving Subdivision 5, Article 1995 Vernon's Ann.Tex.St. Parties will be referred to as in the trial court. Plaintiffs Murphy and Hancock filed this suit in Limestone County; against defendant Bowden, alleging defendant contracted in writing on March 3, 1969 with plaintiffs to purchase 143 acres of land in Limestone County; that defendant tendered his check for $1000. drawn on Citizens National Bank of Waco, Texas as part payment; that on March 10, 1969 defendant told plaintiffs he would not purchase the land; and defendant's check for $1000. was not honored by defendant's bank, but was returned by said bank to plaintiffs with the notation "Payment Stopped", stamped on the face of the check. Plaintiffs allege defendant wrongfully failed to perform the contract and that plaintiffs are entitled to liquidated damages provided for in paragraph 5 of the contract. The contract is attached and made a part of plaintiffs' pleading.

Defendant filed plea of privilege to be sued in McLennan County, the place of his residence. Plaintiffs controverted, asserting venue in Limestone County by virtue of Exception 5, Article 1995 VATS; and that defendant executed a written contract to be performed in Limestone County.

Trial was before the court without a jury which, after hearing, overruled defendant's plea of privilege.

Defendant appeals contending the trial court erred in overruling his plea of privilege because:

Defendant "did not contract in writing to perform the alleged obligation sued on, in a particular County, expressly naming such County, or a definite place therein."

Pertinent portions of the contract are:

"1. J. K. Murphy, hereafter called Seller * * * hereby sells and agrees to convey to Clifton M. Bowden * * * hereafter called Buyer * * * 143.427 acres of land of the James H. Head Survey, * * * Abstract No. 8214 and 4362 * * * situated in Limestone County, Texas * * *.

"2. The purchase price is $19,362.22 payable as follows: $19,362.22 cash, of which Buyer has deposited with the undersigned agent $1,000. as part payment * * *.

"3. * * *

"4. * * * Seller agrees, when marketable title has been shown by the abstract (or an owners title policy furnished) to execute and acknowledge a general warranty deed properly conveying the property to Buyer, and to deliver it to Buyer at Mexia, Texas, and Buyer agrees upon presentation of the deed to pay any balance of cash payment * * *.

"5. * * * *Should Buyer wrongfully fail to perform, Seller shall have the right to retain the cash deposit (but not exceeding 10% of the purchase price) as liquidated damages and not as penalty.* * * *

"6. Commission of 5% shall be paid by Seller to the undersigned agent for services as real estate broker and shall be due at closing * * *. If Buyer defaults and if Seller elects to retain the cash deposit as liquidated damages, then Seller

> /s/ Guy F. Hancock
> Member Texas Board of Realtors
> Agent for Bi Stone Realty
>
> Accepted this 3rd day of March 1969
> /s/ J. K. Murphy
> Seller"

shall pay to the agent one-half of the amount retained * * *.

\* \* \* \* \* \*

Executed at Mexia, Texas, this 3rd day of March, 1969.

> /s/ C M Bowden
> Buyer

---

Article 1995 (Subdivision 5) provides: "No person * * * shall be sued out of the county in which he has his domicile except * * *: If a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile."

Paragraph 4 of the contract obligated plaintiffs to deliver the deed to the property at Mexia, and obligated defendant to pay the balance due upon presentation of the deed. Paragraph 5 gives plaintiffs the right to retain the cash deposit of $1000. if defendant wrongfully fails to perform.

Assuming without deciding, that suit for balance of the purchase price would lie in Limestone County, this is not the plaintiffs' suit. Plaintiffs' suit is for liquidated damages, under section 5 of the contract. Payment of liquidated damages is an obligation not made expressly performable in Limestone County. The only way payment of this obligation could be fixed in Limestone County, under the contract, is by implication, and venue under Subdivision 5, cannot be fixed by implication. Saigh v. Monteith, 147 Tex. 341, 215 S.W.2d 610; Rorschach v. Pitts, 151 Tex. 215, 248 S.W. 2d 120; Rogers v. Waters, Tex.Civ.App. (NWH), 262 S.W.2d 521.

Defendants' contention is sustained. The judgment is reversed, and judgment rendered transferring the cause to the District Court of McLennan County.

Reversed and rendered.