Donald McGREGOR, Jr., Appellant,

v.

PROPERTIES INVESTMENT OF HUNTSVILLE, INC., et al.,
Appellees.

No. 16533.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

Aug. 28, 1975.

Rehearing Denied Oct. 2, 1975.

S. Mitchell Glassman, Houston, for appellant; Glassman & Hittner, Houston, of counsel.

Bennett, Keeling & Haggard, Huntsville, for appellees; W. T. Bennett, Huntsville, of counsel.

EVANS, Justice.

This venue appeal requires the construction of a real estate broker's contract.

The broker, Donald McGregor, Jr., brought suit in Harris County, Texas,

against Properties Investment of Huntsville, Inc., a corporation, alleging that he had entered into a real estate brokerage agreement for the sale of a Ramada Inn owned by the corporation and located in Huntsville, Walker County, Texas. This contract, which was dated September 25, 1972, provided that the realtor would have the non-exclusive right to offer the property for sale until January 25, 1973. After a description of the property and the terms of sale the contract provided:

"If Realtor within said period, so obtains a purchaser for the property, at the price and on the terms stated, or at any other price or terms accepted by Owner, Owner agrees to pay Realtor a sales commission equal to six (6%) percent of the total sales price, payable in Houston, Texas.

"If within one hundred eighty (180) days after the termination of this agreement, a sale or contract of sale of said property is made, directly or indirectly, to any person with whom Realtor has or has had negotiations for such sale, and of whom Owner shall have in writing been advised not later than thirty (30) days after presentation of said property, Owner agrees to pay said commission."

In November, 1972, during the term of the real estate broker's agreement, the Ramada Inn property, which constituted the sole asset of the corporation, was transferred by the corporation to the three shareholders of the corporation: Doyle McAdams, Jr., Jack D. Kyle, and Rowel B. (Buck) Thomason, who were the equal partners in a partnership called "MKT."

On June 8, 1973 the property was sold by the MKT partnership to one Huffman Inns, Inc., and in September 1973 this suit was brought by McGregor against Properties Investment of Huntsville, Inc. to recover his commission, alleging that he had directly negotiated with Huffman and had in writing so advised the defendant corporation. A verified plea of privilege was filed on behalf of the corporation in which it was asserted that title to the property had been transferred by the corporation to MKT, a partnership and that the partnership had consummated a sale of the property to Huffman. In its plea, the corporation sought to have the case transferred to Walker County, Texas. McGregor controverted this plea, asserting that venue was maintainable in Harris County, Texas, since his cause of action was founded upon a contract in writing which provided for payment of a real estate commission in that county. McGregor filed his second amended petition in November, 1974 naming as additional parties defendant, Thomason, McAdams, and Kyle, whom he alleged to have acquired, as partners of MKT partnership, the entire interest of Properties Investment of Huntsville, Inc. in the Ramada Inn property. In this pleading, McGregor asserted that the individual defendants had adopted all the terms and conditions of the September 25, 1972 contract and were bound by its terms, including the obligation to pay the realtor's commission in Harris County, Texas. The trial court sustained pleas of privilege as to all defendants, finding that the alleged agreement did not provide for payment of the sum sued for by McGregor to be in Harris County.

Subdivision 5 of Article 1995, Tex.Rev. Civ.Stat.Ann., provides:

"Contract in writing.—If a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile."

▉ In order to maintain venue in Harris County under this subdivision McGregor was obligated to prove that the defendants were parties reached by the statute; that his claim was based upon a written contract; that the contract was entered into by the defendants or by one authorized to bind them, or was assumed or ratified by them, and that the contract by its terms provided

for performance of the obligation sued upon in the county of suit. 1 McDonald, Texas Civil Practice, Sec. 4.11.1, p. 444.

The appellees argue that the trial court's judgment was proper, suggesting that the two quoted paragraphs of the contract set out independent obligations and that the second paragraph does not specify a definite place of payment. Appellees rely upon *Briarcliff, Inc. v. Texas Automatic Sprinklers, Inc.*, 472 S.W.2d 860 (Tex.Civ. App.—Dallas, 1971), and *Bowden v. Murphy*, 448 S.W.2d 183 (Tex.Civ.App.— Waco, 1969, no writ). In those cases, separate contractual provisions for recovery of liquidated damages failed to specify a place for payment and it was held that venue could not be established under another provision of the contract specifying the place for payment of the basic contractual obligation. We do not believe the decisions in those cases to be applicable to the facts of the case at bar. In the case before us, the second quoted paragraph merely defines the particular circumstances upon which the realtor is entitled to recover his stated commission for a sale occurring after but within 180 days of the termination of the initial contractual period. Whether a commission becomes payable due to a sale made within the initial contractual term, or, upon the conditions stated, within 180 days thereafter, there is no change in the amount and place designated for payment of "said commission." As we construe the contract, the second quoted paragraph does not constitute an independent provision for payment of damages in lieu of commission, but on the contrary, provides that upon certain circumstances, the realtor's right to his stated commission extends to sales occurring after the expiration of the initial term of the contract. See *Kaye v. Coughlin*, 443 S.W.2d 612, 614 (Tex.Civ.App.—Eastland, 1969, no writ). It is not necessary that the obligation to pay the stated commission in Harris County be spelled out in the applicable paragraph of the contract if the contract, viewed as a whole, clearly shows that venue of performance lies in such county.

*Tyson v. Seaport Grain, Inc.*, 388 S.W.2d 731 (Tex.Civ.App.—Corpus Christi, 1965, writ dism'd). The action brought by Mr. McGregor was based upon the premise that the sale to Huffman occurred during the 180 day period specified in the contract. In our opinion, the venue of the action against the corporation properly lies in Harris County, Texas.

We are further of the opinion that the obligation of the corporation to pay the realtor's commission in accordance with the contract of September 23, 1972, was expressly assumed by the three individual defendants, McAdams, Kyle and Thomason, upon transfer of the property to them on November 20, 1972. The instrument of conveyance executed by Kyle as president of the grantor corporation and attested by R. B. Thomason, its secretary, specifically provided:

"The consideration paid and to be paid by Grantees herein to Grantor herein, for the tract or parcels of land and property above described, conveyed, assigned and delivered and the leasehold interest and estate GRANTED, ASSIGNED and CONVEYED, and the property rights set apart and delivered over to Grantees herein by Grantor herein, as follows:

"1) The sum of TEN DOLLARS ($10.00) and other valuable consideration in hand paid by Grantees herein to Grantor herein, the receipt and sufficiency of which is hereby acknowledged and confessed.

". . .

"3) The assumption and payment of all other indebtedness owed by Grantor herein, secured or unsecured, delinquent or current, accrued or to accrue in the future, contractual or under open account purchase, in connection with which Grantor herein assigns all contractual benefits under any contract in writing, or contracts otherwise made not in contravention of the statutes and frauds, the assumption of which is evidenced by the

recordation hereof, and the execution of the assumption agreement above referred to."

In an instrument bearing the same date as the conveyance and apparently attached to it as an addendum, McAdams, Kyle and Thomason expressly assumed and promised to pay the "indebtednesses" described and assumed in the conveyance. Under the terms of these agreements, the three individuals expressly accepted the benefits of and bound themselves to the corporation's existing contracts. *Republic Supply Co. v. Waggoner*, 283 S.W. 537 (Tex.Civ.App.— Amarillo, 1926, writ ref'd). See also *Peter v. First Nat. Bank of La Grange*, 92 S.W.2d 1079 (Tex.Civ.App.—Austin, 1936, no writ). We hold that under the terms of these agreements the individual defendants bound themselves to the obligations imposed by the terms of the September 23, 1972 contract, including the obligation to pay the realtor's commission in Harris County, Texas. *Terrazas v. Carroll*, 277 S.W.2d 274 (Tex.Civ.App.—Eastland, 1955, no writ).

The undisputed evidence also established that McAdams, Kyle and Thomason acknowledged their obligation under the contract and authorized Kyle to enter into a modification of its terms on their behalf. In a letter dated April 13, 1973 the realtor, Mr. McGregor, wrote to Mr. Kyle stating the following:

"With reference to our telephone conversation this morning, we would greatly appreciate the opportunity to continue to work on the sale of your motel. As you will recall, we have been offering the property at $537,500.00 with $45,000.00 cash down, and the balance to be financed by some mutually acceptable means.

"We would request that our agreement dated September 25, 1972 be extended for an unspecified time, and that it be further modified by this letter to provide for immediate cancellation upon written notice from you or ourselves to that effect.

Also, the price and terms would be changed as outlined in the above paragraph.

"Please indicate your approval of an extension of our agreement as outlined herein on the attached copy of this letter, and return it to us as soon as possible."

Three days later, Mr. Kyle signed this letter indicating the approval of the corporation to the modification and to an extension of the term of the September 25, 1972 agreement for an unspecified time. At the time this letter was accepted and approved by Mr. Kyle, the Ramada Inn property had already been transferred from the corporation into the names of the three individuals. However, Mr. Kyle testified that in signing the letter agreement of April 13, 1973, he intended to bind the partnership to pay any earned commission to the realtor under the terms of the agreement. The other two partners, McAdams and Thomason, testified that Kyle was authorized to act for them and for the corporation in the matter and concurred in Kyle's testimony. We believe the evidence conclusively established that the three individual defendants accepted and became bound by the terms and conditions of the September 23, 1972 contract, as modified and extended by the terms of the April 13, 1973 letter agreement. See *Harvey v. Bain*, 140 Tex. 375, 168 S.W.2d 234 (1943); McDonald, Texas Civil Practice, Vol. 1, Sec. 2.11.4, pp. 451–2.

■ The appellant, McGregor, was not required to prove that he had a cause of action against appellees. He was only required to prove that they had themselves, or through their authorized agent, contracted in writing to pay his commission in the county of suit. *Kimbell, Inc. v. Baker*, 523 S.W.2d 956 (Tex.Civ.App.—Ft. Worth, 1975, no writ). We hold that the evidence established venue in Harris County under the terms of Subdivision 5, Article 1995, Tex. Rev.Civ.Stat.Ann., as to all defendants, and that the trial court erred in sustaining the defendants' plea of privilege.

Reversed and rendered.