**R. C. BURDETTE, d/b/a Burdette Grain Co., Appellant,**

v.

**COOK INDUSTRIES, INC., Appellee.**

**No. 1134.**

Court of Civil Appeals of Texas, Corpus Christi.

Nov. 18, 1976.

Rehearing Denied Dec. 9, 1976.

L. H. Warburton, Jr., Perkins, Davis, Oden & Warburton, Alice, for appellant.

Richard E. Flint, Gary, Thomasson, Hall & Marks, Corpus Christi, for appellee.

OPINION

NYE, Chief Justice.

This is a venue case arising out of a written contract between Cook Industries, Inc. and R. C. Burdette, d/b/a R. C. Burdette Grain Company, for the purchase of 2,000,000 pounds # 2 Yellow Sorghum at $4.35 per hundred pounds. The plaintiff-

Cook alleged that defendant-Burdette refused to deliver the grain to Corpus Christi as the parties contracted. Plaintiff filed suit in Nueces County for $21,000.00 representing the difference between the contract price and the market bid price on September 22, 1975, the last day for defendant's performance under the contract. The trial court overruled defendant-Burdette's plea of privilege. Whereupon Burdette has appealed from this adverse ruling.

The plaintiff seeks to sustain venue by virtue of the exception in Subdivision 5, Article 1995, V.A.C.S. The general venue rule is that no person who is an inhabitant of this State shall be sued out of the county in which he has his domicile except in the following cases:

"5. Contract in writing.—If a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile."

The contract provided in part as follows: (The printed portion of the contract appears on the left. The part which was typewritten on the form appears on the right.)

| "QUANTITY TRADED | 2,000,000 lbs |
| GRADE & GRAIN | #2 Yellow Sorghum |
| PRICE | $4.35 cwt. |
| SHIPMENT PERIOD | July-August, subject to elevator ability to unload |
| WEIGHTS TO GOVERN | Destination Official |
| DISCOUNT SCALE | Market scale of discount to apply at time of shipment, subject to elevator ability to unload |
| PAYMENT TERMS | We to mail check |
| BUSHELS | |
| PRICE BASIS LOCATION | Dlvd. Corpus Christi Export |
| GRADES TO GOVERN | Destination Official |
| ROUTING | Truck" |

The defendant by five (5) points of error contends in effect that the plaintiff has not proved that the contract in question obligates the defendant to perform in Nueces County. The defendant argues that Subdivision 5 cannot be fixed by implication, citing *Saigh v. Monteith*, 147 Tex. 341, 215

S.W.2d 610 (Tex.Sup.1948); *Rorschach v. Pitts*, 151 Tex. 215, 248 S.W.2d 120 (Tex. Sup.1952), which are inapplicable to this case. The defendant further contends that in a suit on a written contract, the trial court (in ascertaining proper venue) must look only to the written contract and may not consider parol evidence. We discuss this hereafter.

At the hearing on the plea of privilege, defendant-Burdette's deposition was read into the record. He admitted that he had signed the contract in question and that he had read and was familiar with its basic terms. He also admitted he needed no further information than that which was provided by the terms of the contract itself to know he was obligated to deliver grain to Corpus Christi. Specifically, the defendant, admitted that the term "price basis location" that appears in the above subject contract was not only a price term but was also considered a delivery term of the contract. Questions were asked by the attorney for the plaintiff: (Answers by defendant, Burdette:)

"Q. As far as you were concerned, were you obligated to deliver the grain as specified in this purchase contract?

A. I answered that yes.

Q. You were?

A. Yes, sir.

Q. And you were obligated to deliver it to Corpus Christi, which is in Nueces County, correct?

A. That's what it [the written contract] said."

The defendant urges reversal because there is nothing in the written contract which provides for a "definite place" of payment for the damages sought to be enforced herein, citing *Briarcliff, Inc. v. Texas Automatic Sprinklers, Inc.*, 472 S.W.2d 860 (Tex.Civ.App.—Dallas 1971, no writ) and *Bowden v. Murphy*, 448 S.W.2d 183 (Tex. Civ.App.—Waco 1969, no writ). These cases may be distinguished. In those particular cases, separate contractual provisions for recovery of liquidated damages failed to specify a place for payment. It was held that venue could not be estab-

lished under another provision of the contract specifying the place for payment of the basic contractual obligation. These cases are not applicable to the facts before us. We do not have a similar provision for the recovery of liquidated damages and, therefore, the lack of a contract term specifying a place for payment is not determinative of this case.

 One of the fundamental issues raised by defendant's points of error is whether parol evidence is admissible at a venue hearing under Article 1995, § 5 to explain terms of trade usage and custom. Defendant argues that inadmissible parol evidence was used to establish the place of performance. When a written contract provides for performance at a "definite place", venue may lie at the place where breach occurred. Our courts have held that parol evidence is admissible to establish the location of that place in a particular county. *Bruce Campbell and Son Construction Co., Inc. v. Britton Drive, Inc.*, 527 S.W.2d 852 (Tex.Civ.App.—Waco 1975, no writ); *Lebow v. Weiner*, 420 S.W.2d 755 (Tex.Civ.App.—Houston [14th Dist.] 1967, no writ); *Harrison v. Nueces Royalty Co.*, 163 S.W.2d 244 (Tex.Civ.App.—San Antonio 1942, writ dism'd). In addition, parol evidence is admissible to explain technical terms and trade usages as was done in this case. *Gruss v. Cummins*, 329 S.W.2d 496 (Tex.Civ.App.—El Paso 1959, writ ref'd n. r. e.); McCormick & Ray, Texas Law of Evidence, § 1651 (Supp.1974).

 It is not necessary that the written obligation be spelled out in exact terms if the contract, viewed as a whole from its four corners, clearly shows that venue of performance lies in such county. *Tyson v. Seaport Grain, Inc.*, 388 S.W.2d 731 (Tex.Civ.App.—Corpus Christi 1965, writ dism'd).

 The contract before us provides for delivery at Corpus Christi, for export. The defendant admitted that this contract not only imposed an obligation upon him to deliver grain, but also provided that he deliver the grain to Corpus Christi which is in Nueces County. He breached this obliga-

tion. We hold that the defendant has contracted in writing to perform an obligation at a definite place and that place is in Nueces County. Because plaintiff's suit was one for damages for the breach caused by defendant's refusal to perform as such, venue was proper in Nueces County. *McGregor v. Properties Investment of Huntsville*, 527 S.W.2d 502 (Tex.Civ.App.—Houston [1st Dist.] 1975, writ dism'd); *Tyson v. Seaport Grain, Inc.*, supra.

We have considered all of defendant's points of error and they are all overruled.

The judgment of the trial court is AFFIRMED.