Jesse RANEY, Appellant,

v.

UVALDE PRODUCERS WOOL &
MOHAIR CO., INC., Appellee.

No. 15999.

Court of Civil Appeals of Texas,
San Antonio.

July 19, 1978.
Rehearing Denied Sept. 26, 1978.

Houston C. Munson, Jr., Gary J. Schroeder, Gonzales, for appellant.

Taylor Nichols, Uvalde, for appellee.

OPINION

MURRAY, Justice.

This is a suit on a contract for the sale and purchase of mohair. On February 13, 1973, Jesse Raney, appellant, and Uvalde Producers Wool & Mohair Co., Inc., appellee, entered into a written contract for the sale and purchase of "1973 Spring Adult Mohair and Spring Kid Mohair" at a price of $1.47 per pound for Spring Adult Mohair and $1.75 per pound for Spring Kid Mohair. The contract provided for 25,000 fleeces.

It is appellee's contention that the word "fleeces" has a commonly accepted meaning in the mohair industry; that based upon the usage of the trade, a spring fleece of kid mohair is three pounds on the average, and the weight of a spring fleece of adult mohair is four pounds on the average, and therefore the 41,000 pounds of mohair delivered by appellant to appellee was 46,500 pounds under the contract. The mohair purchased from appellant was in turn contracted by appellee to Clyde Young Wool Company for delivery in the same spring. Appellee was required to purchase mohair on the open market for $2.07 per pound in order to meet its contract with Clyde Young Wool Company, and by this suit attempts to recover from appellant the difference between the contract price and $2.07 for the 46,500 pounds of mohair that it contends appellant was deficient. The contract involved in this case is a typical "forward" contract whereby a producer protects himself against a price decline by insuring that he will be able to sell his production at sufficient price to cover his expenses. There is always a possibility that the price will increase rather than decrease, and, in fact, was the case for the mohair market in the spring of 1973 after the contract of February 13, 1973.

The jury findings were as follows:

1. That appellant failed to deliver to appellee 25,000 fleeces of mohair in accordance with the contract;
2. That the word "fleeces" had a well recognized meaning based upon the usage of trade in the mohair industry, that the weight of a Spring fleece of kid mohair was three pounds on the average and that the weight of a Spring fleece of adult mohair was four pounds on the average;
3. That appellant failed to deliver to appellee 46,116 pounds of mohair under the contract;
4. That appellee was required to pay $2.07 per pound for mohair to cover the shortage due under the contract of February 13, 1973.

Judgment was entered on the jury verdict against appellant in the amount of $27,669.60, with interest.

Appellant's main contention on this appeal is that there was no valid contract because there was no meeting of the minds on the essential and material terms of the contract. Appellant contends that the word "fleece" means all the mohair from one goat and therefore he was contracting for 25,000 head of goats. The attempted conversion of 25,000 fleeces into pounds results in a failure of the meeting of the minds of the contracting parties and therefore there was no contract. Appellant's contention is without merit.

■ There is ample evidence in the record that in the business of mohair production the word "fleeces" has a well understood meaning in the mohair industry and that the weight of a spring fleece of kid mohair was three pounds on the average and that the weight of a spring fleece of adult mohair was four pounds on the average. The Business and Commerce Code, Sec. 2.202, Final Written Expression: Parol or Extrinsic Evidence, states:

> Terms . . . set forth in a writing intended by the parties as a final expression or their agreement . . . may be explained or supplemented
>
> (1) by course of dealing or usage of trade (Sec. 1.205) or by course of performance (Sec. 2.208); [1]

Parol evidence is admissible to explain usage of trade as was done in this case. *Burdette v. Cook Industries, Inc.*, 544 S.W.2d 495 (Tex.Civ.App.—Corpus Christi 1976, writ ref'd n. r. e.); 2 C. McCormick & R. Ray, Texas Evidence § 1651 (Supp.1974); 51 Tex.Jur.2d *Sales* § 397 (1970).

■ Appellant would be expected to contract for the sale of his mohair with full knowledge of the factors and usage of trade that are peculiar to the business of mohair production and marketing. He had been in the mohair business since 1966 and there was testimony to the effect that he was the

1. Tex.Bus. & Comm.Code Ann. § 2.202 (1968).

largest producer of mohair in the area and would undoubtedly be considered a "merchant" under the definition as stated in the Code and as clarified by our Supreme Court in the case of *Nelson v. Union Equity Co-op Exchange*, 548 S.W.2d 352 (Tex.1977). This contract is to be read on the assumption that the usage of trade was taken for granted when the contract was phrased, and unless it has been carefully negated in the contract, it has become an element of the meaning of the word "fleece."

Appellant next contends that the contract which was introduced into evidence was clear and unambiguous on its face and called for "number of head" and not for fleeces. This contention is without merit. While it is true that the contract was a printed form contract and contained a blank column that was titled "Number Head," this blank was filled in in longhand and read "25,000 fleeces Spring Adult and Kid Mohair." Where the written and printed word in a contract are in conflict, the written word controls. *McMahon v. Christmann*, 157 Tex. 403, 303 S.W.2d 341 (1957); 13 Tex.Jur.2d *Contracts* § 144 (1960).

Appellant also assigns as error the action of the trial court in admitting the original warehouse receipts showing the actual number of pounds of mohair delivered to appellee. From the evidence, it appears that when the mohair was delivered to appellee it was weighed by an employee and a receipt was prepared in duplicate. The original is normally given to the producer and a copy is kept in the regular course of business of appellee. In this particular case, however, appellant did not pick up the originals and they were kept in the company's safe. Mr. Charles Dishman, the general manager of appellee, had previously testified as to the amount of mohair delivered by appellant under the contract without objection. We hold that the predicate outlined under Tex.Rev.Civ.Stat.Ann. art. 3737e (Supp.1978) was fully complied with even though there was some confusion caused by the failure of appellant to pick up the original receipts. It was undisputed that the warehouse receipts introduced into evidence were the original copies of the records usually kept by appellee and had been in the possession of appellee up to the time of trial.

Other points of error raised by appellant have been considered by the court and found to be without merit and are overruled.

The judgment of the trial court is affirmed.