Samuel H. MAGNESS, d/b/a Magness &
Son Poultry Processors, Appellant,

v.

E. L. HERIDER, Appellee.

No. 125.

Court of Civil Appeals of Texas.

Tyler.

June 24, 1965.

W. S. Barron, Bryan, Wardlow Lane, Center, for appellant.

Henry L. Scott, Trotter, Childs, Fortenbach & McClure, Houston, Robert Fairchild, Fairchild & Hunt (on appeal only), Center, for appellee.

SELLERS, Justice.

This is an appeal from an order of the District Court of Shelby County overruling the defendant's Plea of Privilege to be sued in the county of his residence.

E. L. Herider, as plaintiff, brought this suit in the District Court of Shelby County against the defendant, Samuel H. Magness, doing business as Magness & Son Poultry Processors, to recover upon a written contract for poultry grown by plaintiff in Shelby County, Texas, and delivered to defendant in Shelby County, Texas. The prayer is for judgment for the sum of $7,670.07, with interest, court cost, and attorney's fee.

The defendant filed his Plea of Privilege to be sued in Brazos County, Texas, his alleged residence. The plaintiff filed a Controverting Plea to the Plea of Privilege of defendant, and paragraph 3 of said Controverting Plea is as follows:

"That the verified allegations of Plaintiff's original petition show and aver, and it is a fact, that Defendant constructed in writing with Plaintiff to perform an obligation at a definite place expressly named within Shelby County, Texas, to wit:

"Plaintiff's place of business in Center, Texas, all as is more particularly alleged in paragraph III of Plaintiff's verified original petition, and that by

virtue of Subdivision 5 of Article 1995, Vernon's Annotated Texas Civil Statutes, suit is properly maintainable against Defendant in Shelby County, Texas, and this Honorable Court has venue thereof."

It will be observed that this suit is to recover for poultry sold to plaintiff and delivered in Shelby County, Texas. No question is raised about the delivery. The sole question here is, Does the contract provide for the payment of the poultry in Shelby County, so that venue can be sustained under Section 5 of Article 1995 of the Revised Civil Statutes? This provision is as follows:

"Contract in writing—If a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile."

The only language with respect to where the payment for the poultry is to be made found in the contract is as follows:

"6.01. Within three (3) days of the date of any delivery of chickens under this Agreement, Buyer shall pay to Seller on account an amount equal to the Live Poultry Market Price for such chickens as determined by the mostly market of the Southwest Poultry Exchange on the date of delivery. Provided, however, that with regard to deliveries made during the last week of any calendar month, payment for such delivery shall be made no later than the first day of the next succeeding month.

"6.02 For purposes of Paragraph 6.01 and 6.03 of this Agreement payment shall be deemed to have been made by Buyer to Seller upon the delivery by Buyer to Seller of cash or Buyer's check payable to the order of Seller, or

by Buyer's placing in the United States mail its check payable to the order of Seller, and addressed to Seller in Center, Texas."

■ As we construe this language, it leaves the option with the defendant in this case as to where he will pay. Surely, he could pay in cash anywhere, or by check anywhere, or by check mailed to the plaintiff at Center, Texas. It would seem that such an arrangement in the written contract wholly fails to meet the requirement of Section 5, Article 1995 of the Venue Statute, for the reason that a particular county alone is not named for payment. Albin v. Hughes, Tex.Civ.App., 304 S.W.2d 371. Here it is said:

"Our Supreme Court has stated that the statute in question would hardly be taken as intending that a single obligation would be performable in two distinct counties for venue purposes. Rorschach v. Pitts, 151 Tex. 215, 248 S.W.2d 120, at page 123. This Court has heretofore held that the phrase 'a particular county' means a county that is fixed and certain, made so by the terms of the contract, and not subject to be changed at the will of the obligee. Bryson v. Oliver Farm Equipment Sales Co., Tex.Civ.App., 61 S.W.2d 147."

■ The fact that some obligations not involved in the suit may be performable under the contract in the county where suit is brought will not sustain venue. 59 Tex. Jur.2d 435 lays down this rule:

"Under this provision the essential obligation for venue purposes involving a written contract is that of payment, and where no place for payment is specified in the contract no exception to the general rule of domicil is involved. The fact that some obligation not involved in the suit may be performable under the contract in the county where suit

is brought is not sufficient to sustain venue. * * *"

The judgment of the trial court is reversed and the cause ordered transferred to the District Court of Brazos County, Texas.