BRIARCLIFF, INC., dba American Realty Development Corporation and American Realty Service Corporation, dba American Realty Development Corporation, Appellants,

v.

TEXAS AUTOMATIC SPRINKLERS, INC., Appellee.

No. 17682.

Court of Civil Appeals of Texas, Dallas.

Oct. 29, 1971.

Barry Bishop, Clark, Thomas, Harris, Denius & Winters, Austin, for appellants.

Leslie LeGrand, Jr., Wise & Stuhl, Dallas, for appellee.

CLAUDE WILLIAMS, Chief Justice.

This is an appeal from an order overruling a plea of privilege filed by the three appellants. The sole question presented is whether appellee has met its burden of establishing by a preponderance of the evidence that subdivision 5, Article 1995, Vernon's Annotated Civil Statutes of Texas, is proper to be applied and therefore placing venue of the litigation in Dallas County, Texas. We hold that the exception to the venue statute is not applicable and therefore reverse the judgment.

Appellee brought this action against appellants in a district court of Dallas County alleging that it was entitled to recover *damages* either in the sum of $5,935.10 or $4,154, by reason of the provisions of a written contract between the parties in which appellee corporation had agreed to install a sprinkler system in a building located in Travis County, Texas. Appellee alleged that the total consideration for the installation of the sprinkler system was the sum of $31,582. It was alleged that the contract provided that in the event of interruption of the work by any reason not the fault of appellee that appellants would pay appellee a sum equivalent to the full contract price less a sum equal to appellee's cost of the labor and materials not furnished under the contract at that time.

Appellee alleged that appellants had prevented the completion of the contract and therefore under the aforesaid agreement it was entitled to one or the other of the alleged sums as "damages".

The three appellants jointly filed a plea of privilege alleging that they were residents of Travis County, Texas and sought to have the cause transferred to that county. Appellee filed its controverting plea in which it sought to hold venue in Dallas County under the provisions of subdivision 5, of Article 1995, V.A.C.S. The only evidence submitted to the trial court on the hearing of the plea of privilege was a copy of the contract admittedly signed by the parties. The only provision in the contract dealing with place of payment is paragraph 13 which provides:

"The price for the work as specified in the within Proposal and Specifications is THIRTY ONE THOUSAND FIVE HUNDRED EIGHTY TWO AND NO/100 DOLLARS ($31,582.00), based on the installation of necessary Automatic Sprinklers and no Open Sprinklers, and is to be paid at Dallas, Dallas County, Texas * * *."

Paragraph 5 of the contract provides:

"If the work herein specified be interrupted by reason of strikes, or any cause not the fault of the Seller, or if the Buyer makes default hereunder, the Seller may at its option discontinue performance of this contract by mailing a written notice to Buyer, and thereupon there shall be immediately due and payable from the Buyer the full contract price less a sum equal to the Seller's cost of the labor and material not furnished under this contract at the date of said written notice."

Appellants seek reversal of the judgment overruling their plea of privilege in two points of error in which they assert that subdivision 5 of Article 1995 is not sufficient to maintain venue in Dallas County since the record demonstrates that appellants did not contract in writing to perform the obligation upon which suit was

brought in Dallas County and also that there was no evidence to support any finding which would sustain venue in Dallas County pursuant to subdivision 5 of Article 1995.

Subdivision 5, Article 1995, provides that:

"If a person has contracted in writing to perform *an obligation* in a particular county, expressly naming such county, * * * suit upon or by reason of *such obligation* may be brought against him, * * * in such county * * *." (Emphasis supplied.)

■ When appellee's cause of action against appellants is carefully examined it becomes obvious that the "obligation" sued upon grows out of the specific provisions of paragraph 5 of the contract between the parties, copied above, and which allows the recovery of damages to be definitely computed by the terms of said paragraph, in the event the contract is prevented from being performed. Appellee spells out this "obligation" in its petition and prays for "damages" as computed by the terms of paragraph 5 of the contract. This paragraph of the contract contains no provision governing the county or place of payment of such damages in the event of default.

The only provision in the contract relating to place of payment is paragraph 13 which expressly provides that the price "for the work as specified" is payable in Dallas County, Texas. Appellee does not bring an action based upon paragraph 13 since it does not seek to recover the contract price. It becomes obvious to us, therefore, that the "obligation" sued upon is not made payable in any particular county and must therefore fall within the general venue provisions.

A number of authorities have dealt with similar contractual provisions in construing subdivision 5 of the venue statute. In McKinney v. Moon, 173 S.W.2d 217 (Tex. Civ.App., Eastland 1943, no writ), the court reannounced the proposition that under exception 5 of the general rule of venue, it is immaterial that some obligations imposed by a written contract are required to be performed by one or the other party in a particular county; the material and controlling fact being that the particular obligation sought to be enforced by the suit is required by the contract to be performed in a particular county expressly named.

In Rorschach v. Pitts, 151 Tex. 215, 248 S.W.2d 120 (Tex.Sup.1952), Justice Garwood, in writing upon a very similar question, stated that the "obligation" referred to in subdivision 5 must be clearly determined and it is that "obligation" that must be definitely agreed upon by the parties to be payable in a county named in order to properly cast venue in that county. To the same effect see May v. Perkin, 227 S.W.2d 393 (Tex.Civ.App., Austin 1950); Reliance Universal, Inc. v. I.C.S. Corporation, 452 S.W.2d 926 (Tex.Civ.App., Fort Worth 1970); Kaufmann v. McKissack, 446 S.W.2d 329 (Tex.Civ.App., Waco 1969); and Bowden v. Murphy, 448 S.W.2d 183 (Tex. Civ.App., Waco 1969).

■ To agree with appellee's contention that venue is proper in Dallas County would require us to give a strained construction to the contract. As we pointed out in the recent case of Fidelity Union Life Ins. Co. v. Evans, 468 S.W.2d 869 (Tex.Civ.App., Dallas 1971), the legislature has chosen to give the home county privilege to the defendant as a general rule which is subject to enumerated exceptions, and in order to apply such exceptions plaintiff has the burden to prove that his case falls within the same and all doubts must be resolved in favor of the general rule. Goodrich v. Superior Oil Co., 150 Tex. 159, 237 S.W.2d 969 (Tex.Sup.1951).

We think the factual situation here is controlled by the authorities above cited and therefore hold that appellee has failed to sustain its burden of maintaining venue in Dallas County by virtue of subdivision 5 of Article 1995, V.A.C.S.

The judgment of the trial court is reversed and the cause is ordered transferred to a district court of Travis County, Texas.

Reversed and rendered.