**W. E. OWENS, Appellant,**

v.

**SHERRARD MOTOR COMPANY, INC.,**
**Appellee.**

**No. 703.**

Court of Civil Appeals of Texas,
Tyler.

June 7, 1973.

Eddie T. Smith, Cunningham, Cole & Southerland, Bonham, for appellant.

Charles H. Gullett, Doss & Thompson, Inc., Denison, for appelee.

DUNAGAN, Chief Justice.

This is a venue suit. This action was instituted by the appellee, Sherrard Motor Company, Inc., in Grayson County, Texas, against the appellant, W. E. Owens, to recover judgment for damages based upon a liquidated debt resulting from the appellant's stopping payment on a check given to the appellee for a pickup truck purchased by the appellant from the appellee. The appellant duly filed a plea of privilege to be sued in Fannin County, the county of the appellant's domicile, and the appellee duly filed its controverting plea of privilege claiming that venue lay in Grayson County, Texas, under the provisions of subdivision 5 of Article 1995, V.T.C.S.[1] The plea of privilege was heard by the court without the aid of the jury and after hearing the evidence, the trial court overruled the appellant's plea of privilege and from his judgment the appellant has perfected this appeal.

The appellant by his one point of error contends that the trial court erred in deciding that the appellant was within subdivision 5 of Article 1995 and consequently it was error for the court to overrule appellant's plea of privilege.

The appellee offered testimony of the truck sales manager of appellee and of the vice-president of appellee to prove that appellant contracted in writing with the appellee for the purchase of a pickup truck for which appellant gave his personal check for the entire purchase price, including "Farm Tags" as was provided for in the contract. This indicates that the license tags were purchased by the appellee. The check was given on a bank in Leonard, Texas, which is located in Fannin County. Before the check had reached the Leonard bank, appellant had stopped payment thereon, for which reasons we are not here concerned. Appellee also offered into evidence the written contract of sale, the tax collector's receipt for title application and the Texas vehicle registration certificate issued to appellant by the Grayson County, Texas Assessor-Collector.

Appellee contended that all three of these sets of documents form an integral part of the written contract and must be considered as a part of the contract between the parties. It further contends that when such documents are considered together that it can only lead to the conclusion that all obligations under the contract were to be performed in Grayson County, Texas.

The written contract of sale does not obligate any performance on appellant's part in Grayson County. It does not provide for performance or payment to be made in any particular county or specific place. The tax collector's receipt for title application only shows that title was applied for in Grayson County and the Texas vehicle registration's receipt only shows that it was issued by the tax assessor-collector of Grayson County. The two instruments do not provide for any obligation to be performed in Grayson County. In our opinion the application for title and the issuance of the registration receipt form no part of the requirements of the written sales contract but only constitute evidence as to the performance of the contract. Since the written contract does not

---

I. All references herein are to Vernon's Annotated Texas Civ.Statutes.

expressly provide for performance or payment in Grayson County, Texas, venue cannot be maintained in said county under subdivision 5 of Article 1995. Since this subdivision was amended in 1935, it has been well established that before venue can be maintained in the county other than that of the defendant's residence under this provision of the venue statute, a written contract must be shown which provides that the obligation sued upon is performable in the county of suit, expressly naming the county or definite place in the county. Martin v. McKenzie, 242 S.W.2d 960 (Tex. Civ.App., San Antonio, 1951, n. w. h.); Smith v. Hall, 147 Tex. 634, 219 S.W. 2d 441 (1949) and Saigh v. Monteith, 147 Tex. 341, 215 S.W.2d 610 (1948).

 The general rule is that no person shall be sued out of the county in which he has his domicile unless there exists a specific statutory exception. The burden was on the appellee to prove that venue was proper in Grayson County, Texas, because of a specific statutory exception. Briarcliff, Inc. v. Texas Automatic Sprinklers, Inc., 472 S.W.2d 860 (Tex.Civ. App., Dallas, 1971, n. w. h.). Since appellee relied entirely on subdivision 5 of Article 1995 as the basis for maintaining venue in Grayson County, Texas, it had the burden of proving all the necessary elements of subdivision 5 of Article 1995 in order to fix venue in Grayson County.

 In order for venue to be fixed in Grayson County, Texas, under subdivision 5, the appellee had to prove (1) an obligation in writing, (2) the execution by the appellant of the written obligation, and (3) that the written obligation was performable by the appellant in a particular county, or a definite place therein. Having failed to prove that the contract was performable in Grayson County, the appellee has not discharged its burden of proof to maintain venue in Grayson County.

 In determining venue under subdivision 5 of Article 1995, the trial court must look only at the written contract and not consider parol evidence. Renaud v. Simmons, 254 S.W.2d 418 (Tex.Civ.App., El Paso, 1952, mandamus overruled); Laughlin v. Nordyke, 215 S.W.2d 424 (Tex.Civ.App., Eastland, 1948, n. w. h.). The only way an obligation to perform could be fixed in Grayson County, under the contract, is by implication. It is well settled that venue under subdivision 5 cannot be fixed by implication but the written contract must expressly name the county of performance or some definite place therein. Saigh v. Monteith, supra; Bowden v. Murphy, 448 S.W.2d 183 (Tex.Civ. App., Waco, 1969, n. w. h.); Nutt v. Cottingham, 242 S.W.2d 826 (Tex.Civ.App., Eastland, 1951, n. w. h.).

 Under subdivision 5 of Article 1995, the essential obligation for venue purposes is that of payment, and where no place of payment is specified in the written contract, no exception to the general venue rule is involved. Magness v. Herider, 392 S.W.2d 383 (Tex.Civ.App., Tyler, 1965, n. w. h.); Rorschach v. Pitts, 151 Tex. 215, 248 S.W.2d 120 (1952). In the case at bar, the "contract" does not require the appellant to pay or perform an obligation in any particular county or place, therefore the venue in the case at bar is fixed in Fannin County, Texas, the county of the appellant's domicile.

Accordingly, the order of the trial court is reversed and judgment here rendered transferring this cause to the Sixth Judicial District Court of Fannin County, Texas, in the manner provided by Rule 89, Texas Rules of Civil Procedure.

Reversed and rendered.