Richard INMAN, Appellant,

v.

Waymon WALLACE et ux., Appellees.

No. 5772.

Court of Civil Appeals of Texas,
Waco.

Nov. 10, 1977.

W. B. Phillips, Duncan, Bragg, Barron &
Phillips, Killeen, Jeffery L. Lagow, Temple,
for appellant.

Dale E. Muller, Austin, for appellees.

HALL, Justice.

Waymon Wallace and his wife brought
this action against Richard Inman asserting
that in October and November, 1974, the
parties negotiated a sale of plaintiffs' taxi-
cab businesses located in the cities of Belton
and Temple to defendant; that defendant
prepared a comprehensive written "Pur-
chase Agreement" containing the terms of
the sale; that defendant represented to
plaintiffs that he would sign the Purchase
Agreement; that in reliance upon this rep-
resentation plaintiffs signed the Purchase
Agreement, and, on December 1, 1974,
turned over their taxicab business and
equipment to defendant; that defendant
never signed the Purchase Agreement;
that in January, 1975, on defendant's re-
quest, plaintiffs executed an instrument de-
nominated "Bill Of Sale" in which they
purported to sell their taxicab business and
equipment to Belton Industries, Inc., a cor-
poration owned and controlled by defend-
ant; that defendant "first led them to be-
lieve that he would execute the Purchase
Agreement and then after having taken
over the business switched the name of the
purchaser to that of Belton Industries, Inc.,
to attempt to avoid liability under the

Agreement"; that defendant "falsely and fraudulently represented to them as an inducement to get them to execute the Purchase Agreement that he would also execute the Agreement and comply with and fulfill the provisions thereof"; that defendant acted maliciously in the premises; that "as part of the overall transaction" shown in the Purchase Agreement defendant agreed to assume and promptly pay the following:

1. $8,773.00 owed by plaintiffs to Peoples National Bank, Belton, Texas, secured by lien on certain realty owned by plaintiffs;
2. All future payments due to Tiger Leasing Corporation for certain taxicab business equipment leased by plaintiffs;
3. Withholding taxes owed by plaintiffs to the Federal Internal Revenue Service;

that "but for" defendant's representations and promises plaintiffs would not have let him take control of their businesses; that defendant did not pay the $8,773.00 note to the bank, and plaintiffs were required to pay it to avoid foreclosure on their realty securing it; that defendant did not make payments due to the Leasing Corporation, plaintiffs were sued on the lease for the sum of $6,061.41, it was a just debt, they had no defense, and they must pay it; and that defendant did not promptly pay the past due withholding taxes to Internal Revenue Service, thereby causing plaintiffs to incur additional penalty and interest charges in excess of $1,000.00 which they must pay. Plaintiffs prayed for the recovery of those amounts as damages. They also prayed for damages generally "as may be proven," and for exemplary damages.

Plaintiffs attached a copy of the pleaded "Purchase Agreement" to their petition. Although a place was provided on the Agreement for defendant's signature, it was signed only by plaintiffs.

Defendant alleged in his answer that the Purchase Agreement attached to plaintiffs' petition was never agreed to by the parties "as is indicated by the fact that it is not executed by all the parties"; that the written Purchase Agreement was simply "a stage in the negotiations whereby the parties sought to reach a set of terms to which all parties could agree"; that the final agreement between defendant and plaintiffs "was oral"; that defendant had fulfilled his obligations under the agreement; and that insofar as plaintiffs' suit was based on alleged promises by defendant to pay plaintiffs' debts it violated the Texas Statute of Frauds.

The case was tried to a jury. Answering special issues numbered as follows, the jury made these findings of fact:

1. Before plaintiffs signed the Purchase Agreement, defendant represented to them that he would sign it.
2. The representation "was material to plaintiffs signing" the agreement.
3. The representation was false when defendant made it.
4. The representation was made "with the intent to induce plaintiffs to deliver their businesses and personal property pursuant to the written agreement."
5. Plaintiffs relied upon the representation when they delivered their businesses and personal property to defendant.
6. "Plaintiffs suffered damages as a result of said representation."
7. $2,500.00 would reasonably compensate plaintiffs for their damages.
8. In making the representation, defendant acted with malice.
9. Plaintiffs should be awarded $7,500.00 for exemplary damages.
10. Defendant agreed to make all future payments to Tiger Leasing Corporation under the equipment lease made by plaintiffs.
11. The promise was false.
12. Defendant "concealed material facts from plaintiffs regarding said promise."
13. The promise was made with the intent that plaintiffs act upon it.
14. Plaintiffs did act on the promise.

15. "Plaintiffs were damaged due to such promise."

16. $6,061.00 would reasonably compensate plaintiffs for their damage.

17. Defendant agreed to assume and pay the $8,773.00 note held by Peoples National Bank, Belton, Texas.

18. The promise was false.

19. Defendant "concealed material facts from plaintiff regarding said promise."

20. The promise was made with the intent that plaintiffs act on it.

21. Plaintiffs did act on the promise.

22. "Plaintiffs were damaged due to such promise."

23. $8,773.00 would reasonably compensate plaintiffs for their damage.

24. Defendant agreed to promptly pay Internal Revenue Service.

25. The promise was false.

26. Defendant "concealed material facts from plaintiff regarding said promise."

27. The promise was made with the intent that plaintiffs act on it.

28. Plaintiffs did act on the promise.

29. "Plaintiffs were damaged due to such promise."

30. $1,000.00 would reasonably compensate plaintiffs for their damage.

Judgment was rendered on the verdict awarding plaintiffs $18,334.00 for actual damages plus $7,500.00 for exemplary damages. Defendant appeals. We affirm.

■ Defendant asserts that plaintiffs' suit on his promises to pay their debts to the Bank, the Leasing Corporation, and the Internal Revenue Service is unenforceable under the provisions of V.T.C.A., Bus. & C. § 26.01, the Texas Statute of Frauds, pleaded by defendant, which provides in part as follows:

"(a) A promise or agreement described in Subsection (b) of this section is not enforceable unless the promise or agreement, or a memorandum of it, is

(1) in writing; and

(2) signed by the person to be charged with the promise or agreement or by someone lawfully authorized to sign for him.

(b) Subsection (a) of this section applies to

.    .    .    .    .

(2) A promise by one person to answer for the debt, default, or miscarriage of another person  .    .    . ."

This contention is overruled. Plaintiffs' suit is not based upon defendant's oral promises or agreement to pay their debts. Rather, it is based upon defendant's fraud in the making of the promises. The applicable rule is set forth in 37 C.J.S. 549 Frauds, Statute Of § 32, as follows:

"The fact that false representations are made in connection with a contract which the general statute of frauds requires to be in writing does not render it necessary that such representations shall be in writing in order that they may sustain an action of deceit, or be relied on as ground for rescinding the contract, where plaintiff does not seek to enforce the contract or sue for a breach thereof."

■ Defendant contends that because the misrepresentations relied upon by plaintiffs were only of future events and not of past or present facts, they cannot as a matter of law be the basis of a cause of action for fraud. We disagree. Actionable fraud can be based upon a promise of future action with a present intention not to perform. *Stanfield v. O'Boyle*, 462 S.W.2d 270, 272 (Tex.Sup.1971). In our case, the jury found in answers to special issues numbered 3, 11, 18, and 25, that each representation relied upon by plaintiffs was false when it was made. There are no points of error or arguments attacking these findings. A finding that a promise was false when made is the equivalent of a finding that the promisor did not intend to keep it when he made it.

■ Defendant seeks reversal on the ground that special issue number seven did not submit and does not support a proper measure of damages. Defendant did not object to the court's charge on this ground. The complaint was therefore waived. Rule

274, Vernon's Tex.Rules Civ.Proc.; *Success Motivation Institute, Inc. v. Lawlis*, 503 S.W.2d 864, 867 (Tex.Civ.App.—Houston [1st Dist.] 1974, writ ref'd n. r. e.).

█ Most of the remainder of defendant's contentions question the legal and factual sufficiency of the evidence to support certain jury findings. Some of the remaining complaints are waived because they are not supported by assignments in defendant's motion for new trial, or because they were not raised with sufficient particularity in the trial court to merit review. All are without merit and are overruled.

The judgment is affirmed.