MIDCON PIPELINE EQUIPMENT
CO., Appellant,

v.

Dewey SMITH, Independent Executor of
the Estate of Carl K. Smith,
Deceased, Appellee.

No. 18496.

Court of Appeals of Texas,
Fort Worth.

Oct. 22, 1981.

Rehearing Denied Nov. 12, 1981.

Cantey, Hanger, Gooch, Munn & Collins, and Mark C. Hill, Mark D. Beatty, Fort Worth, for appellant.

Lynn Cooksey, Texarkana, for appellee.

Before MASSEY, C. J., and SPURLOCK and HOLMAN, JJ.

OPINION

HOLMAN, Justice.

This is an appeal from an order sustaining defendant's plea of privilege. Appellant seeks to maintain venue in Tarrant County by virtue of Tex.Rev.Civ.Stat.Ann., art. 1995, subd. 5(a) (Supp. 1980–81).

We affirm.

Appellant filed suit for declaratory judgment to construe a written agreement between it and appellee. The agreement contains the terms of a transaction in which appellant purchased certain assets from the appellee.

Subsequent to signing the agreement, appellant signed a promissory note payable to appellee for a portion of the purchase price.

■ Uniform Declaratory Judgments Act, Tex.Rev.Civ.Stat.Ann. art. 2524–1 (1965) makes no provision for venue in such suits. Therefore the general venue rules apply. *H. Molsen & Co., Inc. v. Harp and Lovelace*, 516 S.W.2d 433 (Tex.Civ.App.— Amarillo 1974, no writ); *Gulf Coast Business Forms, Inc. v. Texas Employment Commission*, 493 S.W.2d 260 (Tex.Civ.App. —Beaumont 1973), writ ref'd n. r. e., *per curiam* at 498 S.W.2d 154 (Tex.1973).

Appellant seeks a declaration that the contract which underlies the note entitles appellant to certain indemnity by appellee. Appellant would offset the indemnity against its duty to pay the note.

Appellee filed a plea of privilege, alleging his residence in San Patricio County, Texas, and asked to have the cause transferred.

Appellant's controverting plea relies upon subd. 5(a) of the general venue statute.

The plea of privilege was sustained, and appellant seeks reversal in a single point of error. It reasons that the note plus the testimony at the venue hearing establish that the note is payable in Fort Worth; and since the note is part of the contract appellant seeks to have construed by declaratory judgment, venue will lie in Tarrant County as a matter of law.

We cannot agree.

The pertinent portion of subd. 5(a) (1980–81) states:

"5. Contract in writing.—(a) ... if a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, sued upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile."

■ To overcome appellee's right to be sued in his own county and sustain venue under subd. 5(a), appellant must establish the following facts:

(1) the defendant is a party reached by the statute; (2) the claim is upon a written contract; (3) the contract was entered into by the defendant or one authorized to bind him; and (4) the contract by its terms provides for performance of the obligation sued upon in Tarrant County. *Levy v. Lamar Savings Leasing Corp.*, 584 S.W.2d 581 (Tex.Civ.App.—Beaumont 1979, no writ); *Brazos Valley Harvestore Systems, Inc. v. Beavers*, 535 S.W.2d 797, 800 (Tex.Civ.App.—Tyler 1976, writ dism'd).

■ We agree that appellant has established the first three venue facts. Appellant failed to establish the fourth fact, namely that the contract by its terms provides for performance of the obligation sued upon in Tarrant County.

The contract in this case is dated April 16, 1974, and consists of four pages. Attached and incorporated by reference are three pages of exhibits. None of the seven pages specify a place of payment or performance of the agreement.

■ We are not permitted to *imply* from the contract that it obligates performance in a particular place. *Saigh v. Monteith*, 147 Tex. 341, 215 S.W.2d 610 (1948); *Conner v. Prescon Corporation*, 500 S.W.2d 713 (Tex.Civ.App.—Corpus Christi 1973, no writ); *Helms v. Home Improvement Loan Co.*, 294 S.W.2d 165 (Tex.Civ.App.—Dallas 1956, writ dism'd).

For us to apply the exception of subd. 5, the written agreement must *expressly* name the county of performance or a definite place therein. *Harkness v. Employers National Insurance Co.*, 502 S.W.2d 670 (Tex.1973).

If there is equal doubt between the exception and the rule requiring suit in the defendant's own county, then the rule must prevail. *Goodrich v. Superior Oil Co.*, 150 Tex. 159, 237 S.W.2d 969 (1951); *Briarcliff, Inc. v. Texas Automatic Sprinklers, Inc.*, 472 S.W.2d 860 (Tex.Civ.App.—Dallas 1971, no writ).

In its petition for declaratory judgment, appellant alleges that, pursuant to the contract, it executed and delivered to appellee a $303,592.40 promissory note dated May 1, 1974. The note is the basis for appellant's reliance on subd. 5 to establish venue in Tarrant County, but this is not a suit to enforce payment of a note. Instead, we have the payor suing the payee, seeking interpretation of a contract related to the note.

In part, the note states that "For value received [appellant] ... promise to pay to the order of [appellee] ..." the sum indicated. The note does not expressly name a place where it is to be payable.

The only mention of a geographic location is in the upper right portion of the note's heading, where the following words appear:

"Fort Worth, Texas
May 1, 1974"

The note was signed in Fort Worth. W. E. Strittmatter, who signed the note for appellant, testified that he regarded the note as being payable in Fort Worth. On cross-examination, however, he conceded that the note does not name a place where it is payable.

■ Appellant urges us to accept Mr. Strittmatter's testimony as proof that the note is payable in Tarrant County. To determine venue under subd. 5, however, we may look only at the written agreement and may not consider parol evidence. *Owens v. Sherrard Motor Company, Inc.*, 496 S.W.2d 113 (Tex.Civ.App.—Tyler 1973, no

writ); *Laughlin v. Nordyke*, 215 S.W.2d 424 (Tex.Civ.App.—Eastland 1948, no writ).

The promissory note before us contains no terminology of trade usage and custom relating to the place where the note is payable. Indeed, evidence of custom is admissible only to explain an ambiguous contract or to add to it an element that does not contravene its terms. *Miller v. Gray*, 136 Tex. 196, 149 S.W.2d 582 (1941); *Fox v. Gallo*, 428 S.W.2d 127 (Tex.Civ.App.—Amarillo 1968, writ ref'd n. r. e.).

For us to permit parol evidence of custom as proof of the place of payment of a promissory note that is otherwise silent on the subject would contravene the statutory requirement that the contract must *expressly name* the county of performance. Art. 1995, subd. 5(a); *Harkness v. Employers National Insurance Co., supra.*

Contending that we should rely on parol evidence, appellant cites *Burdette v. Cook Industries, Inc.*, 544 S.W.2d 495 (Tex.Civ.App.—Corpus Christi 1976, writ ref'd n. r. e.). There the court allowed the defendant's parol testimony as an admission that certain trade terminology in the contract did obligate him to deliver grain to Corpus Christi. He was being sued for breach of that obligation.

*Burdette* is distinguishable from the case at bar, however, because it simply held that when a written contract includes terminology of trade usage and custom, the defendant's parol testimony is admissible to establish venue under subd. 5 by showing that both the defendant and the plaintiff gave identical meaning to that terminology when the contract was signed.

The heading of appellant's promissory note is plain and unambiguous.

We think it evident that the words "Fort Worth, Texas", in the heading of the note, designated nothing more than the place where the note was executed. Those words alone do not invoke the exception of subd. 5(a).

Further, the only obligation imposed by the note is that the appellant (plaintiff below) shall pay the specified sum of money. The note imposes no duty or obligation on the appellee, who was the defendant in the trial court.

Therefore appellant can find no comfort in subd. 5(a) by basing its argument on the promissory note. The venue exception of subd. 5(a) is controlled by the place where *the contract sued upon* requires the *defendant* to perform, not where it requires the plaintiff to perform. *Harwood v. Hunt*, 473 S.W.2d 287 (Tex.Civ.App.—Beaumont 1971, no writ); *Rogers v. Waters*, 262 S.W.2d 521, 522 (Tex.Civ.App.—San Antonio 1953, no writ).

The only obligation of the appellee that is alleged as the subject of this suit is his obligation to indemnify the appellant. That obligation, if it exists, is found only in the contract dated April 16, 1974. That document fails to state the place where appellee is to pay or perform his indemnity.

Despite the language in subd. 5(a) which states that its exception is available when the suit is "by reason of" a written obligation, we cannot interpret appellant's declaratory judgment petition as being a suit "by reason of" appellant's own promissory note.

We have put aside the suggestion by appellant on oral argument that our determination of venue properly should reflect the possibility that the requested declaratory relief eventually will be granted; and that if the April 16, 1974 contract is construed as requiring indemnity by appellee, the indemnity may then be offset against the note which appellant regards as payable in Tarrant County.

When considering a venue appeal, this court may not consider the merits of the underlying suit. *Macpet v. Oil Field Maintenance Co.*, 538 S.W.2d 240 (Tex.Civ.App.—Corpus Christi 1976, no writ); *Howell v. Loftis*, 299 S.W.2d 954 (Tex.Civ.App.—Amarillo 1957, no writ).

The key to subd. 5(a) is that the writing sued upon must require *payment* in the county of suit. Absent that essential agreement, a suit brought merely "by reason of" a written agreement will not quali-

fy for the subd. 5(a), exception. *Rorschach v. Pitts*, 151 Tex. 215, 248 S.W.2d 120 (1952). *Briarcliff, Inc. v. Texas Automatic Sprinklers, Inc.*, 472 S.W.2d 860 (Tex.Civ.App.—Dallas 1971, no writ).

Since neither the contract nor the promissory note expressly requires appellee to pay or perform an obligation in any particular county or place, venue is fixed in appellee's domicile in San Patricio County.

Judgment of the trial court is affirmed.