J.D. McGOLDRICK, et al.

v.

Ben T. MAHONEY, et al.

No. 12–82–0151–CV.

Court of Appeals of Texas, Tyler.

June 30, 1983.

W. David Stephens, Flourney, Deaton & Stephens, Lufkin, for appellants.

Forrest G. Braselton, Nacogdoches, for appellees.

McKAY, Justice.

This is an appeal from an order sustaining appellees' pleas of privilege to be sued in Brazos County, the county of their residence. Appellants assert that venue is maintainable in Nacogdoches County by virtue of subdivisions 5 (contract in writing), 7 (fraud), 10 (recovery of personal property), 13 (partition), 14 (lands) and 29a (two or more defendants: necessary parties) of Tex.Rev.Civ.Stat. Ann. art. 1995 (Vernon 1964).

Plaintiffs McGoldrick and Morrow sued defendants Mahoney and Dallis in Nacogdoches County for breach of a partnership agreement, breach of a lease agreement, an accounting between partners, quantum meruit, appointment of a receiver, and recovery of their "interest" in a private club located in Nacogdoches County, Texas. The agreement upon which the suit is based provides, in pertinent part:

### PARTIAL AGREEMENT OF DISSOLUTION

We, J.D. McGOLDRICK, LELAND MORROW and BEN T. MAHONEY, hereby make the following agreements concerning partial dissolution of our partnership interest of SNOOPY'S, INC., in consideration of the sublease of the same to TOMMY DALLIS of Brazos County, Texas, such being as follows.

In consideration of the sublease of SNOOPY'S, INC. of Nacogdoches to TOMMY DALLIS, the said TOMMY DALLIS and/or BEN T. MAHONEY, agree to pay to LELAND MORROW and J.D. McGOLDRICK, jointly, the following.

(2) A Four Hundred and No/100 ($400.00) Dollar monthly payment to be paid by Ben T. Mahoney, as Trustee, to the Stone Fort National Bank until the sum and amount of Five Thousand Seven Hundred Seventy Seven and 72/100 ($5,777.72) Dollars has been paid, being the principal loan amount of Five Thousand Five Hundred Six and 18/100 ($5,506.18) Dollars.

(3) One Thousand Two Hundred and No/100 ($1,200.00) approximately being paid for back payroll indebtednesses of Snoopy's, Inc.

(4) Satisfaction of the Judgment obtained by Carney's Lumber Company to the extent of One Thousand One Hundred and No/100 ($1,100.00) Dollars.

The above described payments will be in the amount of Six Thousand Six Hundred and No/100 ($6,600.00) Dollars.

During the continuation of the sublease by Tommy Dallis, it is hereby recognized that in the event said Lease Agreement runs for the primary term of four (4) years, and the option period of four (4) years, that Seventeen Thousand Five Hundred and No/100 ($17,500.00) Dollars will be reimbursed to J.D. McGoldrick constituting previously expended funds paid by the said Leland Morrow and J.D. McGoldrick for and on behalf of Snoopy's, Inc. These figures will come out of the extra Two Thousand Five Hundred and No/100 ($2,500.00) Dollars being paid by Tommy Dallis over and above the primary lease of Two Thousand Five Hundred and No/100 ($2,500.00) Dollars that is due and owing the Estate of Tom Jones monthly.

Plaintiffs alleged that none of the above quoted obligations had been satisfied, and prayed for damages, an accounting, and for appointment of a receiver to take charge of the business. Defendants filed a plea of privilege to be sued in Brazos County, their county of residence, and plaintiffs filed a controverting affidavit. After a hearing without a jury, the trial court sustained defendants' plea of privilege and entered an order transferring the cause to Brazos County. No findings of fact or conclusions of law were requested or filed.

We note at the outset that, in a nonjury trial where no findings of fact are filed, the trial court's judgment must be affirmed if it can be upheld on any legal theory which finds support in the evidence. *Lassiter v. Bliss,* 559 S.W.2d 353, 358 (Tex. 1977). The test on appeal from an order sustaining or overruling a plea of privilege is the same as in an appeal from a judgment on the merits. *Wilhelm v. Young,* 624 S.W.2d 647, 649 (Tex.App.—Eastland 1981, no writ). We must presume that the trial court found every fact necessary to support its order sustaining the plea of privilege. *Wilhelm, supra; Brazos Valley Harvestore Systems, Inc. v. Beavers,* 535 S.W.2d 797, 800 (Tex.Civ.App.—Tyler 1976, writ dism'd). Plaintiffs' burden on appeal is to show that they conclusively established all of the venue facts under at least one of the exceptions upon which they rely. *Wilhelm, supra.*

In their first point of error, plaintiffs contend the court erred in sustaining the plea of privilege because subdivision 10[1] of art. 1995 was applicable to the case, due to the fact that a part of their petition included an alternative prayer for recovery of personal property (furniture, etc.). In their third point of error, plaintiffs contend that the trial court erred in sustaining the plea because subdivision 13[2] of art. 1995 was applicable, because a partition of the leasehold was sought, although we find no plea for partition in the petition. Finally, in their fourth point plaintiffs contend that subdivision 14[3] of art. 1995 was applicable because they sought recovery of their leasehold estate from appellees, and thus the trial court erred in sustaining the defendants' plea. We will discuss these points together.

1. Article 1995, subdivision 10, reads as follows:
   Suit for the recovery of personal property may be brought in any county where the property may be or where the defendant resides.

2. Article 1995, subdivision 13, reads as follows:
   Suits for the partition of land or other property may be brought in the county where such land or other property, or a part thereof, may be, or in the county in which one or more of the defendants reside, or in the county of the residence of any defendant who may assert an adverse claim to or interest in such property, or seeks to recover the title to the same. Nothing herein shall be construed to fix venue of a suit to recover the title to land.

3. Article 1995, subdivision 14, reads as follows:
   Suits for the recovery of lands or damages thereto, or to remove incumbrances upon the title to land, or to quiet the title to land, or to prevent or stay waste on lands, must be brought in the county in which the land, or a part thereof, may lie.

It is undisputed that the leasehold estate and all the personal property here involved are located in Nacogdoches County. The issue thus becomes: is this a suit for recovery or partition of personal property, or for the recovery or partition of a leasehold interest in land? "It is well settled that in determining the nature of plaintiffs' suit, we must look 'to the facts alleged in plaintiffs' petition and therefrom garner what principal rights and relief are sought.'" *Finder v. O'Connor,* 615 S.W.2d 283, 284 (Tex.Civ.App.—Dallas 1981, writ dism'd) quoting from *Royal v. Moore,* 580 S.W.2d 159, 163 (Tex.Civ.App.—Houston [1st Dist.] 1979, no writ) (other citations omitted).

In the same opinion, the court in *Finder* quotes from *Ferguson v. Williamson,* 576 S.W.2d 123 (Tex.Civ.App.—Houston [1st Dist.] 1978, no writ) at p. 125, wherein the court held that in venue cases "the petition must allege such facts as will show the *principal relief* sought is for the recovery of an interest in land as opposed to an accounting and division of partnership or joint adventure assets [in order to invoke subdivision 14]." (Emphasis added). And in *Milburn v. Minette,* 278 S.W.2d 269, 270 (Tex.Civ.App.—El Paso 1955, no writ), also relied upon by the court in *Finder,* the court stated that "it has been well settled that the character of the lawsuit as a whole governs the matter of venue, and the inclusion of a trespass to try title plea or element cannot by itself change the character of the lawsuit."

Thus, under the foregoing authorities, we must examine plaintiffs' petition to determine the "principal relief sought." Said petition alleges the existence and execution of a written agreement, introduced without objection at the hearing, by which plaintiffs assigned and/or subleased their interest in a private club to defendants. In return, defendants were to discharge certain financial obligations both to plaintiffs and to third parties. The petition then alleges defendants' failure to discharge certain of these obligations, thereby breaching said agreement. The plaintiffs, in several different paragraphs, ask for an accounting and for damages for breach of the written agreement and an alleged oral lease. Alternative paragraphs are included in the petition in which plaintiffs pray, alternatively, for recovery of their "interest in the club," which includes, "among other things, assets, personalty, a leasehold estate, the name and goodwill." However, in another paragraph plaintiffs allege that the property involved is not capable of partition and pray that a receiver be appointed to operate and manage the property, incorporating by reference an attached application for appointment of a receiver. Said application asserts that plaintiffs' "interest" in the club is in the form of profits which are not accounted for. In the prayer at the conclusion of the petition, plaintiffs ask that a receiver be appointed to take charge of the business, that defendants be made to account to plaintiffs for their share of the profits, and for damages for breach of the written agreement.

We conclude from our examination of the petition that plaintiffs primarily sought to prove the existence and breach of the "partial agreement of dissolution," damages resulting from said breach, an accounting between partners, and the appointment of a receiver to take charge of the business. Plaintiffs' suit does not seek as its principal relief the recovery of land within the meaning of subdivision 14, nor does it seek the recovery of personalty or the partition of property as its principal relief. Plaintiffs' points one, three and four are therefore overruled.

One of the grounds alleged by plaintiffs to support an award of damages for breach of the "partial agreement of dissolution" was that plaintiffs had been induced to enter into said agreement by fraud and/or misrepresentation on the part of defendants. The petition alleges that defendant Mahoney promised plaintiffs that he would discharge the obligations set out in the "partial agreement of dissolution," which are set out above in this opinion. Plaintiffs alleged that said representations were material, that they were induced by said representations to sign the agreement, and that

they relied on said representations to their detriment, since none of the aforementioned obligations had yet been discharged by defendants. Finally, plaintiffs alleged that said representations turned out to be false, resulting in damages to plaintiffs in the amounts set out in the agreement.

The plaintiffs, McGoldrick and Morrow, were the only witnesses who testified at the hearing on the plea of privilege. They testified that defendants made various promises to induce them to convey their interests in the club, that they entered into the agreement in reliance upon these representations, and that without said representations they would not have entered into the agreement.

Based upon these allegations and their testimony, plaintiffs contended below that venue was properly laid in Nacogdoches County under subdivision 7, since all these elements allegedly occurred in said county. Since the trial court sustained defendants' plea of privilege, plaintiffs assert by their second point of error that the trial court erred in this regard.

Subdivision 7 of art. 1995 reads as follows:

Fraud and defalcation.—In all cases of fraud, and in all cases of defalcation by public officers, suit may be brought in the county where the fraud was committed or where the defalcation occurred, or any of such suits may be brought where the defendant has his domicile.

Plaintiffs cite *North American Life Ins. Co. v. Wilburn,* 392 S.W.2d 364 (Tex.Civ.App.—Dallas 1965, no writ); and *Safeway Stores Inc. v. Amburn,* 380 S.W.2d 727 (Tex.Civ.App.—Fort Worth 1964, writ dism'd) for the rule that to sustain venue under subdivision 7 all constituent elements of actionable fraud must be established; i.e., a false representation made by the defendant, reliance thereon by plaintiff, action in reliance thereon by plaintiff, and damage to plaintiff resulting from his reliance upon such misrepresentation. Plaintiffs then contend that the allegations in their petition and their testimony at trial established all elements of actionable fraud, and thus the trial court erred in sustaining defendant's plea of privilege.

While we agree that the cases cited by plaintiffs accurately state the rule, we hold that plaintiffs failed to sustain their burden of alleging and proving *all* constituent elements of *actionable* fraud in this case. We note that the "misrepresentations" relied upon by plaintiffs were not representations as to a past or existing fact, but rather were promises as to future events. As this court stated in *Dowling v. NADW Marketing, Inc.,* 625 S.W.2d 392 (Tex.App.—Tyler 1981) *rev'd on other grounds,* 631 S.W.2d 726 (Tex.1982) at p. 395:

It is frequently declared to be the general rule of this state that the failure to discharge a promise of something to be done in the future is not fraud, and that to be actionable a false representation must be of a past or existing fact, rather than a promise, even though the promise is, without any excuse, subsequently broken.

In order for the failure to perform a promise to be actionable as fraud, the promise must have been made by a party who knows, at the time the promise is made, that it is false, and with no intention on his part to carry out the promise. In other words, to be actionable, a promise must have been made with the intent, design and purpose of deceiving the plaintiff. *Dowling, supra* at 396; *Crabtree v. Burkett,* 433 S.W.2d 9, 11 (Tex.Civ.App.—Beaumont 1968, no writ). Mere failure to perform a promise is not of itself evidence of intent not to perform. Such failure might under some circumstances serve as a basis for a suit for breach of contract, but in the absence of intent not to perform it does not constitute fraud. *Dowling, supra* at 396; *Crabtree, supra* at 11 and cases there cited.

There is no allegation or evidence of intent on the part of defendants to defraud plaintiffs at the time such promises were made. Since plaintiffs failed to discharge their burden of proof on this element of actionable fraud, the trial court did not err in impliedly finding that subdivision 7 of

art. 1995 was inapplicable to the cause. Accordingly, plaintiffs' second point of error is overruled.

In their fifth point of error, plaintiffs assert the trial court erred in sustaining defendants' plea of privilege because subdivision 5 of art. 1995 was applicable to sustain venue in Nacogdoches County. Subdivision 5 reads as follows:

> Contract in writing.—If a person has contracted in writing *to perform an obligation in a particular county, expressly naming such county, or a definite place therein,* by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile. (Emphasis added).

In *Brazos Valley Harvestore Systems, Inc. v. Beavers, supra* at 800, this court set out the venue facts necessary to sustain venue under subdivision 5 as follows:

> (1) that the defendant is a party reached by the statute; (2) that the claim is based upon a written contract; (3) that the contract was entered into by the defendant or one authorized to bind him; and (4) *that the contract by its terms provides for performance of the obligations sued upon in the county of suit . . .* Subdivision 5 is not invoked unless the written contract *expressly names* the county of performance or a definite place therein. (citations omitted) (emphasis added).

The relevant portions of the contract sued upon are set out at the beginning of this opinion. The contract by its terms does not provide for performance of the obligations sued upon in the county of suit, or in any "particular county." Said contract, at most, merely provides that defendants are to make payments to the named payees. *Where* such payments are to be made is not covered by the express language of the contract. Under the holding in the venerable case of *Saigh v. Monteith,* 147 Tex. 341, 215 S.W.2d 610, 612 (1948) such language is insufficient to sustain venue in a county other than that of defendant's residence.

Plaintiffs contend that their testimony at trial showed that the payees named were all located in Nacogdoches County, and thus subdivision 5 should control venue in the case. However, the rule is that the trial court, in ascertaining venue, must look only to the written contract and may not consider parol evidence. *Flournoy Production Co. v. Kain,* 626 S.W.2d 850, 852 (Tex.App.—San Antonio 1981, no writ); *Owens v. Sherrard Motor Co., Inc.,* 496 S.W.2d 113, 115 (Tex.Civ.App.—Tyler 1973, no writ). Venue in suits on written contracts may not be fixed by implication, but the written contract must expressly name the county of performance or some definite place therein. *Saigh v. Monteith, supra; Flournoy, supra; Midcon Pipeline Equipment Co. v. Smith,* 623 S.W.2d 166, 168 (Tex.App.—Fort Worth 1981, no writ); *Owens, supra.*

It is true that where the contract does name a definite place for performance of the obligation sued upon, parol evidence is admissible to establish the county in which that place is located. See *Gracia v. Coastal Bend Production Credit Ass'n,* 430 S.W.2d 385, 386–7 (Tex.Civ.App.—Corpus Christi 1968, no writ). But here the contract merely names the payees; it is silent as to the *place* of performance. As we have stated earlier, under the rule in *Saigh v. Monteith, supra,* this is insufficient, and it matters not that the obligation could not be performed in any other county. *Flournoy Production Co. v. Kain, supra* at 853. If there is equal doubt between the exception and the rule requiring suit in defendants' own county, then the rule must prevail. *Midcon Pipeline Equipment Co. v. Smith, supra.*

We therefore hold that since the contract did not expressly name a definite place for performance of the obligation sued upon, the trial court did not err in sustaining defendants' plea of privilege to be sued in the county of their residence. Accordingly, point five is overruled.

Finally, plaintiffs assert that subdivision 29a of art. 1995 applied to sustain

venue in Nacogdoches County as to both defendants. This subdivision reads as follows:

> Two or more defendants.—Whenever there are two or more defendants in any suit brought in any county in this State *and such suit is lawfully maintainable therein under the provisions of Article 1995 as to any of such defendants,* then such suit may be maintained in such county against any and all necessary parties thereto. (Emphasis added).

Since we hold that venue is not maintainable as to either defendant under any provision of Article 1995, we need not discuss this point further. It is overruled.

The judgment of the trial court is affirmed.