**Dale Ann WALKER, Appellant,**

v.

**COMDATA NETWORK, INC., Appellee.**

**No. 05–86–00042–CV.**

Court of Appeals of Texas, Dallas.

April 1, 1987.

Rehearing Denied May 14, 1987.

Michael Sloan, McKinney, for appellant.

George C. Dunlap, Patrick F. McGowan, Dallas, for appellee.

Before STEPHENS, HOWELL and McCRAW, JJ.

HOWELL, Justice.

Dale Ann Walker (Walker) appeals from a judgment notwithstanding the verdict granted in favor of Comdata Network, Inc. (Comdata), in an action for fraud and breach of contract. In two points of error, Walker asserts that (1) the trial court erred in granting Comdata's motion to disregard special issue findings and for judgment notwithstanding the verdict, and (2) even if she failed to request proper jury issues concerning fraud and breach of contract, the trial court nevertheless erred in denying her motion for new trial. We disagree; consequently, we affirm.

Walker sued Comdata, her employer, for fraud and breach of contract based on Comdata's alleged misrepresentations concerning certain commissions and a prize related to her employment. In 1980, Walker began working as a sales representative for Instacom, Inc., which provided an electronic funds transfer service to trucking companies. In 1983, Walker won a trip to Hawaii as a result of a sales contest; Instacom was to pay for the trip. Later in 1983, Instacom merged with Comdata. Comdata informed Walker and the other sales representatives that it would pay them a commission each time they convinced one of Instacom's customers to convert from the Instacom system to Comdata's system. At trial, the parties disputed the date after which Comdata announced that it would no

longer pay Walker a commission for her conversions of Instacom customers. Walker also alleged that Comdata's officers made material misrepresentations concerning the amount of commission that she would be paid for selling Comdata's service to new customers. Finally, Walker asserted that Comdata's officers misrepresented to her that Comdata would pay for the trip to Hawaii that she had won prior to Instacom's merger with Comdata.

In response to the first five special issues, the jury found that Comdata's officers made the representations that formed the basis of Walker's claim; that the representations were false, material, and made with the intent that Walker rely on them; and that Walker acted upon the representations. In response to three additional special issues, the jury awarded actual damages, exemplary damages, and attorney's fees. Comdata filed a motion to disregard the jury's special issue findings and moved for judgment non obstante veredicto, asserting that Walker failed to request special issues on essential elements of her fraud and breach of contract causes of action. Specifically, Comdata asserted that because Walker failed to tender a special issue inquiring whether the representations of Comdata's officers were known to be false when they were made, the jury's verdict would not support a judgment based on fraud. Comdata argued further that the verdict would not sustain a judgment for breach of contract because Walker had failed to request any issues on the essential elements of that theory. The trial court agreed and entered judgment for Comdata.

■ In her first point of error, Walker makes five contentions. She first contends that Comdata failed to object properly to the court's failure to submit a special issue inquiring whether Comdata's officers knew that their representations to Walker were false when they made them. Walker concludes that Comdata thereby waived its right to complain on appeal about the omission of the issue. The record reflects that Comdata objected to the court's charge on the basis that no issue inquired "whether or not at the time the alleged misrepresen-

tations were made, the Defendant did not intend to carry them out or to perform them." We hold that this objection was sufficient inasmuch as a lack of intent to perform a representation when it is made is tantamount to and synonymous with making a representation with contemporaneous knowledge of its falsity.

■ Walker next contends that her failure to request an issue concerning whether Comdata's officers knew at the time that they made their representations that those representations were false did not prevent her recovery of damages for fraud. To the contrary, as plaintiff, Walker had the duty to see that all essential elements of her cause of action were submitted to the jury. *Cameron County v. Valasquez*, 668 S.W.2d 776, 781 (Tex.App.—Corpus Christi 1982, writ ref'd n.r.e.); TEX.R.CIV.P. 279. When the plaintiff fails to request an issue, and an affirmative finding upon such omitted issue is essential to recovery, the trial court must render judgment for defendant. *Cameron County*, 668 S.W.2d at 781 (quoting *Bueno v. Globe Indemnity Co.*, 441 S.W.2d 643, 648 (Tex.Civ.App.—Corpus Christi 1969, no writ)).

■ In this case, the misrepresentations that formed the basis of Walker's fraud claim were promises as to future events. When promises of future action comprise the basis of a fraud claim, one of the essential elements is a finding that the party making the promise knew, at the time the promise was made, that it was false. In other words, to be actionable, a promise of future action must have been made for the purpose of deceiving the plaintiff as to the defendant's intentions concerning future performance. *McGoldrick v. Mahoney*, 654 S.W.2d 570, 575 (Tex.App.—Tyler 1983, no writ). This element distinguishes fraud from a breach of contract.

Walker did not ask the court to submit an issue inquiring whether Comdata's officers knew their representations to her were false when they made them. Nor did she ask for an issue inquiring whether the representations were made with the intent to

deceive her. However, Walker contends that the affirmative answers to three of the issues submitted—*viz.*, whether the representations were material, whether they were false, and whether they were made with the intent that Walker rely on them—are equivalent to a finding that such representations were made with the intent, design, and purpose of deceiving her at the time they were made. We disagree.

In support of her position, Walker cites *Inman v. Wallace*, 558 S.W.2d 554 (Tex. Civ.App.—Waco 1977, no writ). As here, *Inman* involved a claim of promissory fraud—the making of a statement of intended future action coupled with the affirmative intent not to perform as represented. In response to the first of four falsity issues, the jury responded that "[t]he representation was false when defendant made it"; similar responses were made to the other falsity issues. *Id.* at 555–56. The court held that,

> [a]ctionable fraud can be based upon a promise of future action with a present intention not to perform.... [T]he jury found that each representation relied upon by plaintiffs was false when it was made.... *A finding that a promise was false when made is the equivalent of a finding that the promisor did not intend to keep it when he made it.*

*Id.* at 556 (emphasis added).

■ Appellant argues that a speaker making a declaration that he will perform an act in the future must intrinsically know whether he then possesses the affirmative intent to perform. From this weak premise, appellant proceeds to argue that a jury finding of falsity necessarily implies a finding of intent not to perform. Appellant rhetorically asks what other element of falsity could possibly be present in a case of promissory fraud. She urges that if there was an intent to keep the promise, there could be no falsity and, conversely, if there was falsity, there could have been no intent to perform. The flaw in the argument is that the jury in our case did not identify the element of falsity and we refuse to speculate. In a case of promissory fraud, the jury must affirmatively find that the statement, when made, was coupled with the affirmative intent not to perform. For want of that element, Walker's cause of action for fraud must fail. Thus, we decline to follow *Inman.*

Instead, we think this case is controlled by *Dowling v. NADW Marketing, Inc.*, 631 S.W.2d 726 (Tex.1982), a subsequent supreme court decision. The jury there found not only that the defendant's representation was false, but that it was made with knowledge that it was false. *Id.* at 727. The supreme court stated that such a finding, when coupled with the finding that the false statement was made with the intent to induce the plaintiff's action, was equivalent to finding an intent to deceive. *Id.* Thus, the court held that the jury findings supported a cause of action for fraud. *Id.* at 728. *Dowling* demonstrates that when a claim for fraud is based on promises of future action, there can be no recovery unless the jury finds that the defendant uttered his promise while knowing that it was false. Otherwise, an essential element of fraud, *viz.*, the defendant's intent to deceive, remains unsupported.

None of the jury's answers to the issues submitted by Walker indicate that Comdata intended to deceive her. The jury found that Comdata's officers intended that Walker rely on their representations, and that such representations were false. However, those findings do not show that Comdata's officers intended to deceive Walker by making representations that they knew were false when they made them. We hold that because Walker failed to ask for an issue on an essential element of fraud, the trial court properly rendered judgment for Comdata concerning that cause of action.

In her third contention under the first point of error, Walker asserts that she was not required to request an issue inquiring whether the representations made by Comdata's officers pertained to past existing facts, or to the performance of future acts. Because we already have held that the fraud action was improperly submitted, we need not address the merits of this contention.

Walker contends next that the special issues that the court submitted were sufficient to support a judgment for breach of contract. Rule 279 of the Texas Rules of Civil Procedure provides that "all independent grounds of recovery or of defense not conclusively established under the evidence and upon which no issue is given or requested shall be deemed as waived...." TEX.R.CIV.P. 279. Walker does not contend that the evidence conclusively established the elements of an oral employment contract; rather, she argues that several of the submitted issues—*viz.*, whether Comdata's officers made certain representations regarding Walker's commission plans and other benefits, whether Walker acted upon such representations, and the amount of actual loss Walker incurred as a result of the result of the false representations—embraced the essential elements of her contract claim. We disagree. The essence of a contract is an agreement between the parties. Walker failed to ask for an issue inquiring whether she and Comdata reached an agreement concerning her commissions and benefits. The issue inquiring whether Comdata's officers made certain representations about these matters is an inadequate substitute; the mere fact that representations were made does not show the existence of an agreement between the parties.

■ Walker also failed to tender any issues inquiring whether she performed the conditions precedent to Comdata's performance under the alleged contract. Moreover, she neither pleaded nor proved the occurrence of such conditions precedent. Because Comdata denied that Walker performed the conditions precedent, Walker was required to prove her performance of the conditions as an element of her contract claim. TEX.R.CIV.P. 54. The issue inquiring whether Walker acted upon the representations of Comdata's officers is inadequate to show that Walker's actions constituted complete performance of her duties under the alleged contract.

Walker argues that the elements of a contract, *viz.*, offer, acceptance, and performance, are implicit in the issues that were actually submitted to the jury and that it was unnecessary to submit various phases or shades of the same essential inquiry. *See* TEX.R.CIV.P. 279. We do not agree that the issues that were submitted embraced all the essential elements of an action for breach of contract. Therefore, the omitted contract issues could not have been merely duplicitous shades of those that were included in the charge. *Cf. Del Monte Corp. v. Martin*, 574 S.W.2d 597 (Tex.App.—San Antonio 1978, no writ) (requested special issues amounting to specific inquiries as to whether farmer met his contractual obligations to canner were merely different shades of the issue submitted inquiring whether farmer substantially complied with contractual terms). Because Walker failed to request special issues on the essential elements of her contract cause of action, we hold that the trial court properly denied recovery thereon. Walker's first point of error is overruled.

■ In her second point of error, Walker asserts that the trial court erred in denying her motion for new trial, even though she failed to tender or request special issues on certain essential elements of her causes of action. The trial court's judgment was free from error, for the reasons expressed hereinabove. An errorless judgment cannot be reversed in the interest of justice, *Sears, Roebuck & Co. v. Marquez*, 628 S.W.2d 772, 773 (Tex.1982), or merely to afford the appellant an opportunity to procure the submission of issues that she waived at trial. *Wilson v. Standard Accident Insurance Co.*, 115 S.W.2d 453, 455 (Tex.Civ.App.—Waco 1938, writ dism'd). We overrule this contention.

Appellant argues finally that the trial court erroneously entered a judgment notwithstanding the verdict because there is at least a scintilla of evidence to support the jury's findings. This argument is misguided. It is apparent from the record that the trial court's judgment was based on Walker's failure to ask for the submission of special issues essential for her recovery,

not on the legal insufficiency of the evidence. We overrule this contention.

AFFIRMED.